IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE,                                           CASE NO.: 6:19-cv-02414

       Plaintiff,

  v.

RICKEY PATEL, LLC d/b/a VACATION
INN,  SKY MOTEL, INC., HUUCU NGUYEN
AND CTN MAINGATE INC. d/b/a ROOMBA
INN & SUITES, G6 HOSPITALITY, LLC d/b/a
STUDIO 6,  SWEET ROSE CORPORATION
d/b/a MAGIC CASTLE INN & SUITES,
CPLG HOL, LLC, CPLG PROPERTIES, LLC,
LQ MANAGEMENT, LLC, LA QUINTA
WORLDWIDE LLC, LQ FL PROPERTIES LLC n/k/a
CPLG FL PROPERTIES LLC d/b/a LA QUINTA INN &
SUITES SUNRISE SAWGRASS MILLS #1048, LQ FL
PROPERTIES LLC n/k/a CPLG FL PROPERTIES LLC
d/b/a LA QUINTA INN & SUITES FT. LAUDERDALE
PLANTATION #982, LQ FL PROPERTIES LLC n/k/a
CPLG FL PROPERTIES LLC d/b/a LA QUINTA INN
FORT LAUDERDALE TAMARAC EAST #4006,
ROSEN INTERNATIONAL INC. n/k/a ROSEN 6327, INC.
d/b/a RODEWAY INN INTERNATIONAL, CHOICE
HOTELS INTERNATIONAL, INC., SURENDRA
PATEL d/b/a BUDGET INN OF ORLANDO, MW
PLANTATION, LP d/b/a SAWGRASS INN &
CONFERENCE CENTER,

       Defendants.
_____/

**PLAINTIFF JANE DOE'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY
AND SUPPORTING MEMORANDUM OF LAW**

      Plaintiff, Jane Doe, by and through the undersigned counsel and pursuant to this Court's

January 8, 2020 Order hereby files this, her Motion for Leave to Proceed Anonymously in this

matter and supporting Memorandum of Law and in support thereof so states:

1

I.  **Motion for Leave to Proceed Anonymously**

1. Plaintiff Jane Doe is a victim of sex trafficking pursuant to 18 U.S.C. §1591(a). (FAC ¶ 2, 3, 13)

2. From the age of sixteen (16) to twenty-one (21), Plaintiff Jane Doe was caused, by any means, to undergo the worst type of sexual exploitation and abuse, performing sexual acts on countless individuals who sought criminal sexual conduct from a minor in exchange for a fee at the Defendants' hotel properties. (FAC ¶2, 3, 86, 253)

3. Due to the extremely sensitive nature of the issues, Plaintiff Jane Doe hereby requests leave from this Court to proceed anonymously.

4. Plaintiff has a substantial privacy right which outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323(11th Cir. 1992).

5. Denying the protection of anonymity would require Plaintiff to disclose highly sensitive information of the utmost intimacy.

6. For almost five (5) years, over a year of which she was a minor, Plaintiff was victimized, suffering repeated instances of rape, physical abuse, exploitation, psychological torment, kidnapping, and false imprisonment at Defendants' hotels. (FAC ¶2, 3, 86, 253)

7. During this time, Plaintiff was subjected to some of the most horrific experiences that a woman could ever endure. Making the public aware of her name would only compound the cruelty and psychological trauma Plaintiff sustained. Indeed, Plaintiff's counsel has already been contacted by the press to discuss this case. Publishing Plaintiff's name would remove the layer of safety that the pseudonym provides by opening her up to inquiries from the press as well as other individuals, exacerbating the trauma and psychological torment she already sustained, and

negatively impacting her ability to recover from same. Any interest that the public would have in learning Plaintiff's name would be far outweighed by the extreme prejudice to Plaintiff.

8. Moreover, public exposure of Plaintiff's identity would create a chilling effect on the victims of human trafficking and their willingness to come forward and enforce their rights without fear of additional trauma and privacy violations.

9. As for the Defendants, in return for anonymity, Plaintiff would agree to share her identity with them in a non-public manner.

10. Because this litigation will necessarily delve into Plaintiff's personal trauma and the repeated abuses that she suffered, Plaintiff requests leave from this Court to allow her to proceed anonymously.

## II.   **Memorandum of Law**

Generally, under the Federal Rules of Civil Procedure, ". . . parties to a lawsuit must identify themselves in their respective pleadings." *Doe v. Frank*, 951 F.2d 320, 323(11th Cir. 1992); *see also* Fed. R. Civ. P. 10(a). However, courts in this jurisdiction have carved out an exception to this Rule when the party "has a substantial privacy right" that outweighs the presumption of judicial openness in a federal lawsuit. See *Florida Abolitionist Inc, et al v. Backpage.com, et al*, 2018 WL 2017535(M.D. Fla. May 1, 2018); see also *Plaintiff B v. Francis*, 631 F.3d 1310, 1315-16(11th Cir. 2011) (citing *Frank*, 951 F.2d at 323. "The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Florida Abolitionist*, 2018 WL 2017535 at *1; *see also Francis*, 631 F.3d at 1315-16.

In determining whether such a privacy right exists, the Eleventh Circuit has instructed courts to "carefully review all circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Francis*, 631 F.3d at 1316 (internal quotation marks omitted). Quite simply, courts may grant leave to proceed anonymously where the plaintiff seeking anonymity will be required to disclose information "of the utmost intimacy." *Francis*, 631 F.3d at 1316.

The Middle District has previously determined that litigation involving the disclosure of a plaintiff's sexual abuse in a human sex trafficking case satisfies this test. *See Florida Abolitionist,* 2018 WL 2017535 at *1. In *Florida Abolitionist*, at fifteen years old, the Plaintiff, Jane Doe #2, was a victim of human sex trafficking having been raped repeatedly after being branded, photographed, and advertised in the escort section of Backpage.com. *Id.* In its opinion, the *Florida Abolitionist* Court acknowledged that the Federal Rules mandated that pleadings bear a caption that "names all the parties" but found that the "rule is not absolute." *Id*; *see also* Fed. R. Civ. P. 10(a).

Indeed, in determining whether disclosing a plaintiff's identity should yield to a plaintiff's privacy concerns, the Court considered five factors: "(1) whether the plaintiff is challenging governmental activity; (2) whether the plaintiff would be required to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution; (4) whether the plaintiff would risk suffering injury if identified; and (5) whether the party defending against a suit brought under a pseudonym would be prejudiced." *Id.* (citing *Doe v. Shakur*, 164 F.R.D. 359, 361(S.D.N.Y. 1996)(citing *James v. Jacobson*, 6 F.3d 233, 238(4th Cir.1993)); *Frank*, 951 F.2d at 323. In addition, the Court looked to "judicially recognized" aggravating factors, including "whether the

plaintiff was a minor, whether she was threatened with violence or physical harm, and whether anonymity 'posed a unique threat of fundamental unfairness to the defendant.'" *Florida Abolitionist,* 2018 WL 2017535 at *2 citing *Francis*, 631 F.3d at 1316.

After reviewing all the factors, the *Florida Abolitionist* Court determined that the Plaintiffs' need for anonymity "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings," and thereby granted Plaintiffs' motion to proceed anonymously. *Florida Abolitionist,* 2018 WL 2017535 at *2.

The Eleventh Circuit has held similarly. In *Francis*, the Eleventh Circuit reversed a district court's denial of anonymity where the plaintiffs brought suit against the makers of the "Girls Gone Wild" video series for filming the plaintiffs' sexual conduct as minors. *Francis*, 631 F.3d at 1312-13. In vacating the district court's decision, the court found that when the issues involved ". . . are matters of a sensitive and highly personal nature . . . the normal practice of disclosing the parties' identities 'yields to a policy of protecting privacy in a very private matter.'" *Id.* The Court then characterized "descriptions of the Plaintiffs in various stages of nudity and engaged in explicit sexual conduct while they were minors who were coerced by the Defendants into those activities" as being the most "sensitive and highly personal nature." *Id.* at 1316-17.

Like both the *Florida Abolitionist* and *Francis* cases, there can be no question that Plaintiff will be required to disclose information of the "utmost intimacy" while litigating this case. Indeed, for almost five years, over a year of which she was a minor, Plaintiff was raped, physically abused, exploitated, psychologically tormented, kidnapped, and falsely imprisoned at Defendants' hotels. Plaintiff suffered and will continue to suffer psychological trauma as a result. Without question, these activities would be described as some of the most "sensitive and highly personal in nature." *See Florida Abolitionist,* 2018 WL 2017535 at *2; *Francis*, 631 F.3d at 1316. Forcing Plaintiff to

disclose her real identity in this litigation would forever publicly link her to the harm that she suffered. Anonymity is justified here.[1]

By contrast, there is no unique threat of fundamental unfairness to the Defendants if Plaintiff remains anonymous. Defendants will not suffer any prejudice as Plaintiff (through counsel) intends to share her identity with Defendants in a non-public manner on the condition that they do not disclose it to the general public. Doing so would be a "reasonable way to reconcile the competing interests" by ensuring Plaintiff can proceed anonymously without hindering Defendants' ability to assert defenses and proceed with discovery. *See Roe v. Aware Women Ctr for Choice, Inc.*, 253 F.3d 678, 687 (11th Cir. 2001).

### III. Conclusion

For the foregoing reasons, Plaintiff Jane Doe respectfully requests that this Court grant her motion for leave to proceed anonymously.

### IV. Certification Pursuant to Local Rule 3.01

Plaintiff was Ordered to file this Motion on or before January 29, 2020. As this case was filed with this Court on December 24, 2019, the summonses have only recently been issued by the Clerk, and no Defendant has been served. As it is unlikely Plaintiff's counsel will be aware of who is representing each of the Defendants by January 29, 2020, Plaintiff has proceeded with filing this Motion to ensure timely compliance with this Court's Order.

---

[1] A number of other human sex trafficking victims have been permitted to proceed anonymously. *See, e.g., Doe ex rel. Roe v. Bacltipage.com*, LLC, No. 14-ev-13870 (D. Mass. 2014); *J.S. v. Village Voice Media Holdings, L.L.C.,* No. 12-2-11362-4 (Wash. 2012); *M.A. ex rel. P.K. v. Village Voice Media Holdings, LLC*, No. 10-cv-1740 (E.D.Mo. 2010).

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 16th day of January, 2020 I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following counsel of record:

C. Richard Newsome  newsome@newsomelaw.com

R. Frank Melton  melton@newsomelaw.com

Milette E. Webber  webber@newsomelaw.com

/s/ *C. Richard Newsome*
**C. RICHARD NEWSOME, ESQUIRE**
Florida Bar No.:  827258
**R. FRANK MELTON, ESQUIRE**
Florida Bar No.: 0475440
**MILETTE E. WEBBER, ESQUIRE**
Florida Bar No.:  145874
NEWSOME MELTON
201 South Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile: (407) 648-5282
*Attorneys for Plaintiff*
newsome@newsomelaw.com
melton@newsomelaw.com
reed@newsomelaw.com
webber@newsomelaw.com
oneill@newsomelaw.com