## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JANE DOE,

                 Plaintiff,

      v.

RICKEY PATEL, LLC, et a.,

                 Defendants.

Case No. 6:19-cv-02414-PGB-LRH

## G6 HOSPITALITY LLC'S ANSWER TO
## PLAINTIFF'S SECOND AMENDED COMPLAINT[1]

      Defendant G6 Hospitality LLC ("G6"), answers Plaintiff Jane Doe's ("Plaintiff") Second Amended Complaint as follows:

      1.      Paragraph 1 consists of argument to which no response is required.  To the extent a response is required, G6 admits that human trafficking is defined by federal and state laws, including but not limited to 18 U.S.C. § 1591, which are statutes that speak for themselves. G6 denies any characterizations of such statutes that are inconsistent therewith.

      2.      G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 and, on that basis, denies them.

      3.      Paragraph 3 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all of the allegations of

---

[1] This Answer omits the headings and subheadings from Plaintiff's Second Amended Complaint, as they are not allegations to which a response is required.  To the extent such headings or subheadings are deemed to require a response, G6 denies each and every one.

paragraph 3 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 as they pertain to any other defendant and, on that basis, denies them.

4.      G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 and, on that basis, denies them.

5.      G6 denies all of the allegations in paragraph 5 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 and, on that basis, denies them.

6.      G6 denies all of the allegations in paragraph 6 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 and, on that basis, denies them.

7.      G6 denies all of the allegations in paragraph 7 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 and, on that basis, denies them.

8.      G6 denies all of the allegations in paragraph 8 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 and, on that basis, denies them.

9.      G6 denies all of the allegations in paragraph 9 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 and, on that basis, denies them.

10.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 and, on that basis, denies them.

11.     Paragraph 11 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 does not dispute the subject matter jurisdiction of this Court over this lawsuit. Except as expressly admitted, G6 denies the allegations of paragraph 11.

12.     Paragraph 12 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 does not dispute that venue in this Court is proper.  Except as expressly admitted, G6 denies the allegations in paragraph 12.

13.     The allegations in paragraph 13 consist of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and, on that basis, denies them.

14.     The allegations in paragraph 14 consist of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that the Complaint identifies Plaintiff by the pseudonym "Jane Doe," only. G6 further admits that it does not presently oppose Plaintiff's request to proceed under pseudonym status, but reserves its right to do so as discovery unfolds. Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 14 and, on that basis, denies them.

15.     The allegations in paragraph 15 consist of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 admits that the Complaint identifies Plaintiff by the pseudonym "Jane Doe," only. G6 further admits that it does not presently oppose Plaintiff's request to proceed under pseudonym status, but

reserves its right to do so as discovery unfolds. Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 15 and, on that basis, denies them.

16.     Paragraph 16 consist of conclusions of law and legal argument to which no response is required. To the extent a response is required, G6 admits the docket item cited in paragraph 16 is a document which speaks for itself. G6 denies all characterizations of such docket item that are inconsistent therewith.

17.     Paragraph 17 consists of allegations directed towards Ricky Patel LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 and, on that basis, denies them.

18.     Paragraph 18 consists of allegations directed towards Ricky Patel LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 18 and, on that basis, denies them.

19.     Paragraph 19 consists of allegations directed towards Ricky Patel LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 and, on that basis, denies them.

20.     Paragraph 20 consists of allegations directed towards Ricky Patel LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20

and, on that basis, denies them.

21.     Paragraph 21 consists of allegations directed towards Sky Motel, Inc. to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 21 and, on that basis, denies them.

22.     Paragraph 22 consists of allegations directed towards Sky Motel, Inc. to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 22 and, on that basis, denies them.

23.     Paragraph 23 consists of allegations directed towards Sky Motel, Inc. to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 and, on that basis, denies them.

24.     Paragraph 24 consists of allegations directed towards Sky Motel, Inc. to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 24 and, on that basis, denies them.

25.     Paragraph 25 consists of allegations directed towards Huucu Nguyen and CTN Maingate Inc. d/b/a Roomba Inn ("Roomba Inn") to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 and, on that basis, denies them.

26.     Paragraph 26 consists of allegations directed towards Roomba Inn to which no

response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 26 and, on that basis, denies them.

27.     Paragraph 27 consists of allegations directed towards Roomba Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 and, on that basis, denies them.

28.     Paragraph 28 consists of allegations directed towards Roomba Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 and, on that basis, denies them.

29.     Paragraph 29 consists of allegations directed towards Roomba Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 and, on that basis, denies them.

30.     Paragraph 30 consists of allegations directed towards Roomba Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 30 and, on that basis, denies them.

31.     G6 denies the allegations in paragraph 31.

32.     G6 admits that it has owned and operated the Studio 6® branded guest lodging facility located at 5645 N. University Drive, Coral Springs, Florida 33067 ("Studio 6 Coral

Springs") since October 2012. Except as expressly admitted, G6 denies all allegations in paragraph 32.

33.    G6 admits that it has done business in the State of Florida as authorized by the Florida Department of State since October 2012. Except as expressly admitted or denied, G6 denies all allegations in paragraph 33.

34.    G6 admits that there are more than 1,100 Motel 6® and Studio 6® branded guest lodging facilities in the United States and Canada, some of which are owned and operated by G6, and some of which are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with these documents. Except as expressly admitted or denied, G6 denies all allegations in paragraph 34.

35.    G6 admits that G6 and its affiliates have collectively owned and controlled the Motel 6® and Studio 6® trademarks since October 2012. G6 further admits that, since October 2012, some Motel 6® and Studio 6® properties have been owned and operated by G6 and some have been independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with these documents. Except as expressly admitted or denied, G6 denies all allegations in paragraph 35.

36.    G6 admits that Motel 6® and Studio 6® branded properties are located throughout the United States, including some that are located near airports and freeways for various reasons. G6 further admits that it has been highly rated among hospitality companies. G6 further admits that some Motel 6® and Studio® branded properties are owned and operated

by G6, and others are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies any allegations inconsistent with such documents.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 36.

37.     G6 admits the allegations in Paragraph 37.

38.     G6 denies all of the allegations in Paragraph 38.

39.     G6 admits that some Motel 6® and Studio 6® properties are owned and operated by G6 and others are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with these documents. G6 further admits that it currently establishes the training and policies for the Studio 6 Coral Springs. Except as expressly admitted or denied, G6 denies all allegations in paragraph 39.

40.      Paragraph 40 consists of allegations directed towards the Sweet Rose Corporation  to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 40 and, on that basis, denies them.

41.      Paragraph 41 consists of allegations directed towards the Sweet Rose Corporation  to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 and, on that basis, denies them.

42.      Paragraph 42 consists of allegations directed towards the Sweet Rose Corporation  to which no response by G6 is required.  To the extent a response is required, G6

lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 42 and, on that basis, denies them.

43.     Paragraph 43 consists of allegations directed towards the Sweet Rose Corporation  to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 43 and, on that basis, denies them.

44.     Paragraph 44 consists of allegations directed towards CPLG HOL, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 and, on that basis, denies them.

45.     Paragraph 45 consists of allegations directed towards CPLG HOL, LLC  to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 45 and, on that basis, denies them.

46.     Paragraph 46 consists of allegations directed towards CPLG HOL, LLC  to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 46 and, on that basis, denies them.

47.     Paragraph 47 consists of allegations directed towards CPLG HOL, LLC  to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 47 and, on that basis, denies them.

48.     Paragraph 48 consists of allegations directed towards CPLG HOL, LLC   to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 48 and, on that basis, denies them.

49.     Paragraph 49 consists of allegations directed towards CPLG Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 49 and, on that basis, denies them.

50.     Paragraph 50 consists of allegations directed towards CPLG Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 50 and, on that basis, denies them.

51.     Paragraph 51 consists of allegations directed towards CPLG Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 51 and, on that basis, denies them.

52.     Paragraph 52 consists of allegations directed towards CPLG Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 52 and, on that basis, denies them.

53.     Paragraph 53 consists of allegations directed towards LQ Management, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in paragraph 53 and, on that basis, denies them.

54.     Paragraph 54 consists of allegations directed towards LQ Management, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 54 and, on that basis, denies them.

55.     Paragraph 55 consists of allegations directed towards LQ Management, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 55 and, on that basis, denies them.

56.     Paragraph 56 consists of allegations directed towards LQ Management, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 56 and, on that basis, denies them.

57.     Paragraph 57 consists of allegations directed towards La Quinta Worldwide LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 57 and, on that basis, denies them.

58.     Paragraph 58 consists of allegations directed towards La Quinta Worldwide LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 58 and, on that basis, denies them.

59.     Paragraph 59 consists of allegations directed towards La Quinta Worldwide LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 59 and, on that basis, denies them.

60.     Paragraph 60 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 60 and, on that basis, denies them.

61.     Paragraph 61 consists of allegations directed towards LQ FL Properties LLC n/k/a CPLG FL Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 61 and, on that basis, denies them.

62.     Paragraph 62 consists of allegations directed towards CPLG FL Properties, LLC  to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 62 and, on that basis, denies them.

63.     Paragraph 63 consists of allegations directed towards CPLG FL Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 63 and, on that basis, denies them.

64.     Paragraph 64 consists of allegations directed towards CPLG FL Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks

sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 64 and, on that basis, denies them.

65.     Paragraph 65 consists of allegations directed towards CPLG FL Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 65 and, on that basis, denies them.

66.     Paragraph 66 consists of allegations directed towards CPLG FL Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 66 and, on that basis, denies them.

67.     Paragraph 67 consists of allegations directed towards CPLG FL Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 67 and, on that basis, denies them.

68.     Paragraph 68 consists of allegations directed towards CPLG FL Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 68 and, on that basis, denies them.

69.     Paragraph 69 consists of allegations directed towards CPLG FL Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 69 and, on that basis, denies them.

70.     Paragraph 70 consists of allegations directed towards CPLG FL Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph  and, on that basis, denies them.70

71.     Paragraph 71 consists of allegations directed towards CPLG FL Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 71 and, on that basis, denies them.

72.     Paragraph 72 consists of allegations directed towards CPLG FL Properties, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 72 and, on that basis, denies them.

73.     Paragraph 73 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 73 and, on that basis, denies them.

74.     Paragraph 74 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 74 and, on that basis, denies them.

75.     Paragraph 75 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks

sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 and, on that basis, denies them.

76.    Paragraph 76 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 76 and, on that basis, denies them.

77.    Paragraph 77 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 77 and, on that basis, denies them.

78.    Paragraph 78 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 78 and, on that basis, denies them.

79.    Paragraph 79 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 79 and, on that basis, denies them.

80.    Paragraph 80 consists of allegations directed towards Surendra Patel to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 80 and, on that basis, denies them.

81.     Paragraph 81 consists of allegations directed towards Surendra Patel to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 81 and, on that basis, denies them.

82.     Paragraph 82 consists of allegations directed towards MW Plantation, LP to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 82 and, on that basis, denies them.

83.     Paragraph 83 consists of allegations directed towards MW Plantation, LP to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 83 and, on that basis, denies them.

84.     Paragraph 84 consists of allegations directed towards MW Plantation, LP d/b/a Sawgrass Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 84 and, on that basis, denies them.

85.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 85 and, on that basis, denies them.

86.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 86 and, on that basis, denies them.

87.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 87 and, on that basis, denies them.

88.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 88 and, on that basis, denies them.

89.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 89 and, on that basis, denies them.

90.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 90 and, on that basis, denies them.

91.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 91 and, on that basis, denies them.

92.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 92 and, on that basis, denies them.

93.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 93 and, on that basis, denies them.

94.     G6 denies the allegations of paragraph 94 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 94 and, on that basis, denies them.

95.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 95 and, on that basis, denies them.

96.     Paragraph 96 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 96 and, on that basis, denies them.

97.     Paragraph 97 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as

to the truth of the allegations in paragraph 97 and, on that basis, denies them.

98.     Paragraph 98 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 98 and, on that basis, denies them.

99.     Paragraph 99 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 99 and, on that basis, denies them.

100.    Paragraph 100 consists of argument to which no response is required.  To the extent a response is required, G6 admits that human trafficking is a societal issue about which there has been increasing understanding in recent years.  Except as expressly admitted, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 100 and, on that basis, denies them.

101.    G6 denies the allegations of paragraph 101 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 101 and, on that basis, denies them.

102.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 102 and, on that basis, denies them.

103.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 103 and, on that basis, denies them.

104.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 104 and, on that basis, denies them.

105.    Paragraph 105 consists of conclusions of law and legal arguments to which no

response is required.  To the extent a response is required, G6 denies the allegations of paragraph 105 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 105 as they pertain to any other defendants and, on that basis, denies them.

106.    G6 denies the allegations of paragraph 106 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 106 as they pertain to any other hospitality companies and, on that basis, denies them.

107.    Paragraph 107 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that the duties of hotel and motel operators are set forth in statutes and legal opinions that speak for themselves, and G6 denies any characterizations of such documents that are inconsistent therewith. G6 further admits that the quoted material set forth in paragraph 107 appears in a student thesis authored by an undergraduate student at Cornell University.  The thesis is a document that speaks for itself and G6 denies all characterizations of such document that are inconsistent therewith, including, without limitation, Plaintiff's characterization of the document as a "publication by Cornell University."  Except as expressly admitted, G6 denies all of the allegations in paragraph 107.

108.    Paragraph 108 consists of argument to which no response is required. To the extent a response is required, G6 admits that the ECPAT-USA report and Code of Conduct cited in paragraph 108 are documents that speaks for themselves.  G6 denies all characterizations of such documents that are inconsistent therewith.  Except as expressly

admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 108 and, on that basis, denies them.

109.    Paragraph 109 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the ECPAT-USA Code of Conduct cited in paragraph 109 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 further admits it has a partnership with ECPAT-USA and further admits that hospitality companies may choose to take certain actions as described in the Code of Conduct cited in paragraph 109.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 109 and, on that basis, denies them.

110.    Paragraph 110 consists of argument to which no response is required. To the extent a response is required, G6 admits that the webpage cited in paragraph 110 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 110 and, on that basis, denies them.

111.    Paragraph 111 consists of argument to which no response is required. To the extent a response is required, G6 admits that it has knowledge of the ECPAT-USA Code of Conduct, which is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief about the truth of the allegations in paragraph 111 and, on that basis, denies them.

112.     Paragraph 112 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies the allegations of paragraph 112 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 112 as they pertain to any other defendants and, on that basis, denies them.

113.     Paragraph 113 consist of allegations directed towards the La Quinta Defendants to which no response by G6 is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 113 and, on that basis, denies them.

114.     Paragraph 114 consist of allegations directed towards the La Quinta Defendants to which no response by G6 is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 114 and, on that basis, denies them.

115.     Paragraph 115 consists of argument to which no response is required. To the extent a response is required, G6 admits it announced a partnership with ECPAT-USA and its signing of the Code of Conduct in July 2019.  Except as expressly admitted, G6 denies all of the allegations in paragraph 115.

116.     Paragraph 116 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 116 and, on that basis, denies them.

117.     Paragraph 117 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as

to the truth of the remaining allegations in paragraph 117 and, on that basis, denies them.

118.     Paragraph 118 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the transcript of President Obama's speech quoted in paragraph 118 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to truth of the allegations in paragraph 118 and, on that basis, denies them.

119.     Paragraph 119 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 119 and, on that basis, denies them.

120.     Paragraph 120 consists of conclusions of law and argument to which no response is required.  To the extent a response is required, G6 denies the allegations of paragraph 120 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 120 as they pertain to any other hospitality companies and, on that basis, denies them.

121.     Paragraph 121 consists of conclusions of law and argument to which no response is required.  To the extent a response is required, G6 admits that the legal opinion and articles cited in paragraph 121 speak for themselves, and denies all characterizations of such documents and legal opinion that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies the allegations of paragraph 121 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 121 as they pertain to any other hospitality companies and, on that basis, denies them.

122.     Paragraph 122 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the Polaris Project publication cited in paragraph 122 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 122 and, on that basis, denies them.

123.     Paragraph 123 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the Polaris Project publication and the material purporting to quote therefrom cited in paragraph 123 speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 123 and, on that basis, denies them.

124.     Paragraph 124 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the cited article is a document that speaks for itself.  G6 denies all characterizations of such article that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 124 and, on that basis, denies them.

125.     Paragraph 125 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the State Department publication cited in paragraph 125 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of

paragraph 125 and, on that basis, denies them.

126.    Paragraph 126 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the State Department publication and Human Rights First fact sheet cited in paragraph 126 are documents that speak for themselves. G6 denies all characterizations of such documents that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 126 and, on that basis, denies them.

127.    Paragraph 127 consists of arguments to which no response is required.  To the extent a response is required, G6 admits that the article cited in paragraph 127 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  G6 further denies all allegations in paragraph 126 as they pertain to G6.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 127 and, on that basis, denies them.

128.    Paragraph 128 consists of argument to which no response is required. To the extent a response is required, G6 admits that the presentation and report cited in paragraph 128 are documents that speaks for themselves.  G6 denies all characterizations of such documents that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 128 and, on that basis, denies them.

129.    Paragraph 129 consists of argument to which no response is required.  To the extent a response is required, G6 admits that the Polaris publication cited in paragraph 129 is a document that speaks for itself. G6 denies all characterizations of such document that are

inconsistent therewith.  To the extent not expressly admitted or denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 129 and, on that basis, denies them.

130.    Paragraph 130 consists of conclusions of law and arguments to which no response is required.  To the extent a response is required, G6 denies the allegations in paragraph 130 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 130 and, on that basis, denies them.

131.    Paragraph 131 consists of argument to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 131 and, on that basis, denies them.

132.    Paragraph 132 consists of arguments to which no response is required.  To the extent a response is required, G6 denies the allegations in paragraph 132 as they pertain to G6. Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 132 and, on that basis, denies them.

133.    Paragraph 133 consists of conclusions of law and legal argument to which no response is required.  To the extent a response is required, G6 denies all allegations in paragraph 133 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 133 and, on that basis, denies them.

134.    Paragraph 134 consists of argument to which no response is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as

to the truth of the allegations in paragraph 134 and, on that basis, denies them.

135.    Paragraph 135 and its subparts consist of argument to which no response is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 135 and, on that basis, denies them.

136.    Paragraph 136 and its subparts consist of argument to which no response is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 136 and, on that basis, denies them.

137.    G6 admits that hospitality companies should take reasonable care to protect their patrons against the occurrence of reasonably foreseeable criminal conduct at the hotels they operate.  Except as expressly admitted, G6 denies all of the allegations of paragraph 137 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 137 as to any other hospitality companies and, on that basis, denies them.

138.    Paragraph 138 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Coral Springs was not, at any time relevant to the Complaint, a franchised location, and G6 is not, itself, a "brand."  Paragraph 138 also consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent with these documents. Except as expressly admitted or denied,  G6 denies all of the allegations of

paragraph 138 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 138 as to any other hospitality companies and, on that basis, denies them.

139.    Paragraph 139 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Coral Springs was not, at any time relevant to the Complaint, a franchised location, and G6 is not, itself, a "brand."  Paragraph 139 also consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent with these documents.  Except as expressly admitted or denied,  G6 denies all of the allegations of paragraph 139 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 139 as to any other hospitality companies and, on that basis, denies them.

140.    Paragraph 140 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 140 and, on that basis, denies them.

141.    Paragraph 141 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Coral Springs was not, at any time relevant to the Complaint, a franchised location, and G6 is not, itself, a

"brand." Paragraph 141 also consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with these documents. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 141 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 141 as to any other hospitality companies and, on that basis, denies them.

142. Paragraph 142 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Coral Springs was not, at any time relevant to the Complaint, a franchised location, and G6 is not, itself, a "brand." Paragraph 142 also consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with these documents. Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 142 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 142 as to any other hospitality companies and, on that basis, denies them.

143.    Paragraph 143 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Coral Springs was not, at any time relevant to the Complaint, a franchised location, and G6 is not, itself, a "brand."  Paragraph 143 also consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent with these documents. Except as expressly admitted or denied,  G6 denies all of the allegations of paragraph 143 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 143 as to any other hospitality companies and, on that basis, denies them.

144.    Paragraph 144 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Coral Springs was not, at any time relevant to the Complaint, a franchised location, and G6 is not, itself, a "brand."  Paragraph 144 also consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent with these documents. Except as expressly admitted or denied,  G6 denies all of the allegations of paragraph 144 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a

belief as to the truth of the allegations of paragraph 144 as to any other hospitality companies and, on that basis, denies them.

145.    Paragraph 145 consists of allegations directed towards "brands" with a franchised location at issue and requires no response from G6, as the Motel 6 Coral Springs was not, at any time relevant to the Complaint, a franchised location, and G6 is not, itself, a "brand."  Paragraph 145 also consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that some Motel 6® branded properties not at issue in Plaintiff's Complaint are independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves.  G6 denies all allegations that are inconsistent with these documents.  Except as expressly admitted or denied,  G6 denies all of the allegations of paragraph 145 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 145 as to any other hospitality companies and, on that basis, denies them.

146.    G6 denies all of the allegations in paragraph 146 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 146 as they pertain to any other hospitality companies and, on that basis, denies them.

147.    G6 denies all of the allegations in paragraph 147 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 147 as they pertain to any other hospitality companies and, on that basis, denies them.

148.     Paragraph 148 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 148 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 148 and, on that basis, denies them.

149.     G6 admits that, since October 2012, some Motel 6® and Studio 6® properties have been owned and operated by G6 and some have been independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with such documents.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 149.

150.     Paragraph 150 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that, since October 2012, some Motel 6® and Studio 6® branded properties have been owned and operated by G6 and some have been independently owned and operated by third parties pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with such documents.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 150.

151.     Paragraph 151 and its subparts consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 admits that, since October 2012, some Motel 6® and Studio 6® branded properties have been owned and operated by G6 and some have been independently owned and operated by third parties

pursuant to franchise agreements specific to those properties, which are documents that speak for themselves. G6 denies all allegations that are inconsistent with such documents.  Except as expressly admitted or denied, G6 denies all of the allegations of paragraph 151 and its subparts.

152.    Paragraph 152 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 denies all of the allegations in paragraph 152.

153.    Paragraph 153 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 153.

154.    Paragraph 154 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 denies all of the allegations in paragraph 154.

155.    Paragraph 155 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 155.

156.    G6 admits that the article Plaintiff quotes in paragraph 156 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 156.

157.    Paragraph 157 consists of argument to which no response is required.  To the extent a response is required, G6 admits that "Save more for what you travel for" is a Motel 6® slogan.  Except as expressly admitted, G6 denies all allegations in paragraph 157.

158.     G6 admits that the quoted material appears on G6's webpage, which is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 158.

159.     G6 admits that the material quoted in paragraph 159 appears in a purported review on tripadvisor.com, which is a document that speaks for itself.  G6 lacks sufficient knowledge or information to form a belief as to the authenticity of the review or the truth of any matters purportedly asserted therein, and on that basis denies them.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 159.

160.     G6 admits that the Vanity Fair article cited in paragraph 160 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 160 and, on that basis, denies them.

161.     G6 admits that the article cited in paragraph 161 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 161 and, on that basis, denies them.

162.     G6 admits that the article cited in paragraph 162 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 162 and, on that basis, denies them.

163.    G6 admits that the article cited in paragraph 163 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 163 and, on that basis, denies them.

164.    G6 admits that the article cited in paragraph 164 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 164 and, on that basis, denies them.

165.    G6 admits that the article cited in paragraph 165 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 165 and, on that basis, denies them.

166.    G6 admits that the article cited in paragraph 166 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 166 and, on that basis, denies them.

167.    G6 admits that the article cited in paragraph 167 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 167 and, on that basis, denies them.

168.    G6 admits that the article cited in paragraph 168 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except

as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 168 and, on that basis, denies them.

169.    G6 admits that the article cited in paragraph 169 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 169 and, on that basis, denies them.

170.    G6 admits that the article cited in paragraph 170 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 170, on that basis, denies them.

171.    G6 admits that the article cited in paragraph 171 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 171 and, on that basis, denies them.

172.    G6 admits that the article cited in paragraph 172 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 172 and, on that basis, denies them.

173.    G6 admits that the article cited in paragraph 173 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 173 and, on that basis, denies them.

174.    G6 admits that the article cited in paragraph 174 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 174 and, on that basis, denies them.

175.    G6 admits that the article cited in paragraph 175 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 175 and, on that basis, denies them.

176.    G6 admits that the article cited in paragraph 176 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 176 and, on that basis, denies them.

177.    G6 admits that the article cited in paragraph 177 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 177 and, on that basis, denies them.

178.    G6 admits that the article cited in paragraph 178 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 178 and, on that basis, denies them.

179.    G6 admits that the article cited in paragraph 179 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except

as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 179 and, on that basis, denies them.

180.    G6 admits that the article cited in paragraph 180 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 180 and, on that basis, denies them.

181.    G6 admits that the article cited in paragraph 181 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 181 and, on that basis, denies them.

182.    G6 admits that the article cited in paragraph 182 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 182 and, on that basis, denies them.

183.    G6 admits that the article cited in paragraph 183 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 183 and, on that basis, denies them.

184.    G6 admits that the article cited in paragraph 184 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 184 and, on that basis, denies them.

185.    G6 admits that the article cited in paragraph 185 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 185 and, on that basis, denies them.

186.    G6 admits that the article cited in paragraph 186 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 186 and, on that basis, denies them.

187.    G6 admits that the article cited in paragraph 187 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 187 and, on that basis, denies them.

188.    G6 admits that the article cited in paragraph 188 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 188 and, on that basis, denies them.

189.    G6 admits that the article cited in paragraph 189 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 189 and, on that basis, denies them.

190.    G6 admits that the article cited in paragraph 190 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith.  Except

as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 190 and, on that basis, denies them.

191.    G6 admits that the article cited in paragraph 191 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 191 and, on that basis, denies them.

192.    G6 admits that the article cited in paragraph 192 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 192 and, on that basis, denies them.

193.    G6 admits that the article cited in paragraph 193 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 193 and, on that basis, denies them.

194.    G6 admits that the article cited in paragraph 194 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 194 and, on that basis, denies them.

195.    G6 admits that the article cited in paragraph 195 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 195 and, on that basis, denies them.

196.    G6 admits that the article cited in paragraph 196 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 196 and, on that basis, denies them.

197.    G6 admits that the article cited in paragraph 197 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 197 and, on that basis, denies them.

198.    G6 admits that the article cited in paragraph 198 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 198.

199.    G6 admits that the article cited in paragraph 199 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 199 and, on that basis, denies them.

200.    G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 200 and, on that basis, denies them.

201.    G6 admits that the article cited in paragraph 201 is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 201 and, on that basis, denies them.

202.     G6 admits that the article cited in paragraph 202 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 denies all of the allegations in paragraph 202 and, on that basis, denies them.

203.     G6 admits that the article cited in paragraph 203 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 203 and, on that basis, denies them.

204.     G6 admits that the article cited in paragraph 204 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 204 and, on that basis, denies them.

205.     G6 admits that the article cited in paragraph 205 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 205 and, on that basis, denies them.

206.     G6 admits that the article cited in paragraph 206 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 206 and, on that basis, denies them.

207.     G6 admits that the article cited in paragraph 207 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except

as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 207 and, on that basis, denies them.

208.    G6 denies all of the allegations in paragraph 208.

209.    G6 admits that the article cited in paragraph 209 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 209 and, on that basis, denies them.

210.    G6 admits that the article cited in paragraph 210 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 210 and, on that basis, denies them.

211.    G6 admits that the article cited in paragraph 211 is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 211 and, on that basis, denies them.

212.    G6 admits that the online reviews cited in paragraph 212 and its numbered subparts are document that speaks for themselves. G6 denies all characterizations of such documents that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited reviews or the truth of matters asserted therein and, on that basis, denies them.   Except as expressly admitted or denied, G6 denies all allegations in paragraph 212.

a.  G6 admits that the online review cited in paragraph 212(a) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(a).

b.  G6 admits that the online review cited in paragraph 212(b) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(b).

c.  G6 admits that the online review cited in paragraph 212(c) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(c).

d.  G6 admits that the online review cited in paragraph 212(d) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the

truth of matters asserted therein and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(d).

e.  G6 admits that the online review cited in paragraph 212(e) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(e).

f.  G6 admits that the online review cited in paragraph 212(f) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(f).

g.  G6 admits that the online review cited in paragraph 212(g) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(g).

h.  G6 admits that the online review cited in paragraph 212(h) is a document that speaks for itself. G6 denies all characterizations of such document that

are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them. Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(h).

i.   G6 admits that the online review cited in paragraph 212(i) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them. Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(i).

j.   G6 admits that the online review cited in paragraph 212(j) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them. Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(j).

k.   G6 admits that the online review cited in paragraph 212(k) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them. Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(k).

l.   G6 admits that the online review cited in paragraph 212(l) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(l).

m.   G6 admits that the online review cited in paragraph 212(m) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(m).

n.   G6 admits that the online review cited in paragraph 212(n) is a document that speaks for itself. G6 denies all characterizations of such document that are inconsistent therewith. G6 lacks sufficient direct knowledge or information to form a belief as to the authenticity of the cited review or the truth of matters asserted therein and, on that basis, denies them.  Except as expressly admitted or denied, G6 denies all allegations in paragraph 212(n).

o.   G6 admits that the articles cited in paragraph 212(o) are documents that speak for themselves.  G6 denies all characterizations of such documents that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the

truth of the allegations in paragraph 212(o) and, on that basis, denies them.

p.  G6 admits that the article cited in paragraph 212(p) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 212(p) and, on that basis, denies them.

q.  G6 admits that the article cited in paragraph 212(q) is a document that speaks for itself.  G6 denies all characterizations of such document that are inconsistent therewith.  Except as expressly admitted or denied, G6 lacks sufficient direct knowledge or information to form a belief as to the truth of the allegations in paragraph 212(q) and, on that basis, denies them.

213.    Paragraph 213 and its subparts consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 213 and, on that basis, denies them.

214.    Paragraph 214 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 214 and, on that basis, denies them.

215.    Paragraph 215 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in

paragraph 215 and, on that basis, denies them.

216.    Paragraph 216 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 216 and, on that basis, denies them.

217.    Paragraph 217 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 217 and, on that basis, denies them.

218.    Paragraph 218 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 218 and, on that basis, denies them.

219.    Paragraph 219 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 219 and, on that basis, denies them.

220.    Paragraph 220 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 220 and, on that basis, denies them.

221.    Paragraph 221 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 221 and, on that basis, denies them.

222.    Paragraph 222 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 222 and, on that basis, denies them.

223.    Paragraph 223 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 223 and, on that basis, denies them.

224.    Paragraph 224 consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 224 and, on that basis, denies them.

225.    Paragraph 225 and its subparts consists of allegations directed towards the La Quinta Defendants to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 225 and, on that basis, denies them.

226.    Paragraph 226 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks

sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 226 and, on that basis, denies them.

227.    Paragraph 227 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 227 and, on that basis, denies them.

228.    Paragraph 228 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 228 and, on that basis, denies them.

229.    Paragraph 229 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 229 and, on that basis, denies them.

230.    Paragraph 230 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 230 and, on that basis, denies them.

231.    Paragraph 231 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 231 and, on that basis, denies them.

232.     Paragraph 232 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 232 and, on that basis, denies them.

233.     Paragraph 233 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 233 and, on that basis, denies them.

234.     Paragraph 234 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 234 and, on that basis, denies them.

235.     Paragraph 235 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 235 and, on that basis, denies them.

236.     Paragraph 236 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 236 and, on that basis, denies them.

237.     Paragraph 237 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks

sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 237 and, on that basis, denies them.

238.    Paragraph 238 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 238 and, on that basis, denies them.

239.    Paragraph 239 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 239 and, on that basis, denies them.

240.    Paragraph 240 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 240 and, on that basis, denies them.

241.    Paragraph 241 consists of allegations directed towards 8444 Investments, LLC to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 241 and, on that basis, denies them.

242.    Paragraph 242 consists of allegations directed towards the Sawgrass Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 242 and, on that basis, denies them.

243.     Paragraph 243 consists of allegations directed towards the Sawgrass Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 243 and, on that basis, denies them.

244.     Paragraph 244 consists of allegations directed towards the Sawgrass Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 244 and, on that basis, denies them.

245.     Paragraph 245 consists of allegations directed towards the Sawgrass Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 245 and, on that basis, denies them.

246.     Paragraph 246 consists of allegations directed towards the Sawgrass Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 246 and, on that basis, denies them.

247.     Paragraph 247 consists of allegations directed towards the Sawgrass Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 247 and, on that basis, denies them.

248.     Paragraph 248 consists of allegations directed towards the Sawgrass Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient

knowledge or information to form a belief as to the truth of the allegations in paragraph 248 and, on that basis, denies them.

249.    Paragraph 249 consists of allegations directed towards the Sawgrass Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 249 and, on that basis, denies them.

250.    Paragraph 250 consists of allegations directed towards the Sawgrass Inn to which no response by G6 is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 250 and, on that basis, denies them.

251.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 251 and, on that basis, denies them.

252.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 252 and, on that basis, denies them.

253.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 253 and, on that basis, denies them.

254.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 254 and, on that basis, denies them.

255.    Paragraph 255 consists of legal arguments and conclusions of law to which no response by G6 is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 255 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 255 as they pertain to any other defendants

and, on that basis, denies them.

256.     G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 256 and, on that basis, denies them.

257.     Paragraph 257 consists of legal arguments and conclusions of law to which no response by G6 is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 257 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 257 as they pertain to any other defendants and, on that basis, denies them.

258.     Paragraph 258 consists of legal arguments and conclusions of law to which no response by G6 is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 258 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 258 as they pertain to any other defendants and, on that basis, denies them.

259.     Paragraph 259 consists of legal arguments and conclusions of law to which no response by G6 is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 259 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 259 and, on that basis, denies them.

260.     Paragraph 260 consists of legal arguments and conclusions of law to which no response by G6 is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 260 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in paragraph 260 and, on that basis, denies

them.

261.     Paragraph 261 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 261 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 261 as they relate to any other defendants and, on that basis, denies them.

262.     Paragraph 262 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 262 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 262 as they relate to any other defendants and, on that basis, denies them.

263.     Paragraph 263 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 263 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 263 as they relate to any other defendants and, on that basis, denies them.

264.     Paragraph 264 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 264 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 264 as they relate to any other defendants and, on that basis, denies them.

265.    Paragraph 265 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 265 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 265 as they relate to any other defendants and, on that basis, denies them.

266.    Paragraph 266 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 266 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 266 as they relate to any other defendants and, on that basis, denies them.

267.    Paragraph 267 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 267 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 267 as they relate to any other defendants and, on that basis, denies them.

268.    Paragraph 268 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in paragraph 268 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 268 as they relate to any other defendants and, on that basis, denies them.

269.    Paragraph 269 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations in

paragraph 269 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 269 as they relate to any other defendants and, on that basis, denies them.

270.     G6 denies all of the allegations in paragraph 270 and its subparts as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 270 or its subparts as they relate to any other defendants and, on that basis, denies them.

271.     G6 denies all of the allegations in paragraph 271 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 271 as they relate to any other defendants and, on that basis, denies them.

## COUNT I
## FOR NEGLIGENCE
## AGAINST THE HOTEL DEFENDANTS

272.     G6 incorporates its responses to paragraphs 1 through 271 by reference as though fully set forth herein.

273.     Paragraph 273 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 273 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 273 as they pertain to any other defendants and, on that basis, denies them.

274.     Paragraph 274 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 274 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient

knowledge or information to form a belief as to the truth of the allegations of paragraph 274 and, on that basis, denies them.

275.    Paragraph 275 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 275 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 275 as they pertain to any other defendants and, on that basis, denies them.

276.    Paragraph 276 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 276 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 276 as they pertain to any other defendants and, on that basis, denies them.

277.    Paragraph 277 and its subparts consist of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 277 and its subparts as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 277 and its subparts as they pertain to any other defendants and, on that basis, denies them.

278.    Paragraph 278 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 278 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 278 as they pertain to any other

defendants and, on that basis, denies them.

279.    Paragraph 279 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 279 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 279 as they pertain to any other defendants and, on that basis, denies them.

The unenumerated paragraph following paragraph 279 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies that Plaintiff is entitled to any relief from G6 whatsoever.

<u>**COUNT II**</u>
<u>**FORCIVIL AIDING AND ABETTING**</u>
<u>**AGAINST THE HOTEL DEFENDANTS**</u>

280.    G6 incorporates its responses to paragraphs 1 through 271 by reference as though fully set forth herein.

281.    Paragraph 281 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 281 and, on that basis, denies them.

282.    Paragraph 282 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 282 and, on that basis, denies them.

283.    Paragraph 283 consists of conclusions of law and legal arguments to which no

response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 283 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the  allegations of paragraph 283 and, on that basis, denies them.

284.     Paragraph 284 and its subparts consist of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 284 and its subparts as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 284 and, on that basis, denies them.

285.     Paragraph 285 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 285 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 285 and, on that basis, denies them.

286.     Paragraph 286 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 286 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 286 and, on that basis, denies them.

The unenumerated paragraph following paragraph 286 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies that Plaintiff is entitled to any relief from G6 whatsoever.

<u>**COUNT III**</u>
<u>**FOR CIVIL CONSPIRACY**</u>
<u>**AGAINST THE HOTEL DEFENDANTS**</u>

287.    G6 incorporates its responses to paragraphs 1 through 271 by reference as though fully set forth herein.

288.    Paragraph 288 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 288 as they pertain to G6.  Except as expressly denied, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 288 and, on that basis, denies them.

289.    Paragraph 289 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 289 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 289 as they pertain to any other defendants and, on that basis, denies them.

290.    G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 290 and, on that basis, denies them.

291.    Paragraph 291 and its subparts consist of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 291 and its subparts as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 291 as they pertain to any other defendants and, on that basis, denies them.

292.    Paragraph 292 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 292 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of paragraph 292 and, on that basis, denies them.

The unenumerated paragraph following paragraph 292 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies that Plaintiff is entitled to any relief from G6 whatsoever.

<u>COUNT IV</u>
<u>FOR VIOLATION OF THE TRAFFICKING VICTIMS PROTECTION</u>
<u>REAUTHORIZATION ACT OF 2008, 18 U.S.C. §1595</u>
<u>AGAINST THE HOTEL DEFENDANTS</u>

293.    G6 incorporates its responses to paragraphs 1 through 271 by reference as though fully set forth herein.

294.    Paragraph 294 consists of conclusions of law and legal arguments to which no response is required. To the extent a response is required, G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 294 and, on that basis, denies them.

295.    Paragraph 295 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 295 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 295 as they pertain to any other defendants and, on that basis, denies them.

296.    Paragraph 296 consists of conclusions of law and legal arguments to which no

response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 296 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 296 as they pertain to any other defendants and, on that basis, denies them.

297.    Paragraph 297 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 297 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 297 as they pertain to any other defendants and, on that basis, denies them.

298.    Paragraph 298 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 298 as they pertain to G6.  G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 298 as they pertain to any other defendants and, on that basis, denies them.

299.    Paragraph 299 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies all of the allegations of paragraph 299 as they pertain to G6. G6 lacks sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 299 as they pertain to any other defendants and, on that basis, denies them.

The unenumerated paragraph following paragraph 299 consists of conclusions of law and legal arguments to which no response is required.  To the extent a response is required, G6 denies that Plaintiff is entitled to any relief from G6 whatsoever.

*     *     *

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

(Failure to State a Claim)

1.    The Complaint, and each cause of action set forth therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

(Superseding or Intervening Acts)

2.    The Complaint, and each cause of action set forth therein, is barred in whole or in part because the incidents alleged and all damages complained of, if any, were caused by the superseding and/or intervening acts of parties over whom G6 had no right of control.

### Third Affirmative Defense

(Fault of Third Parties/Apportionment of Fault)

3.    The Complaint, and each cause of action set forth therein, is barred in whole or in part because any damage, loss, or liability alleged by Plaintiff must be reduced, diminished, and/or barred in proportion to the wrongful or negligent conduct of persons or entities other than G6, including other parties in this case and/or third parties such as Plaintiff's alleged trafficker, under the principles of proportionate responsibility, contributory negligence, contribution, equitable allocation, recoupment, set-off, and/or comparative fault.

### Fourth Affirmative Defense

(Statutes Vague and Ambiguous)

4.    The Complaint, and each cause of action asserted therein, is barred in whole

-65-

or in part because the statutes sued upon are unconstitutionally vague and ambiguous.

## Fifth Affirmative Defense

### (Failure to Mitigate Damages)

5.     The Complaint, and each cause of action asserted therein, is barred in whole or in part because Plaintiff failed to take reasonable steps to minimize her alleged damages.

## Sixth Affirmative Defense

### (No Vicarious Liability)

6.     The Complaint is barred in whole or in part because the alleged acts or omissions, if any, were not committed by agents or employees of G6 or, alternatively, were not committed within the scope of employment or authority conferred by G6 nor subsequently ratified by G6.

## Seventh Affirmative Defense

### (Statute of Limitations)

7.     The Complaint, and each cause of action asserted therein, is barred in whole or in part by applicable statutes of limitations.

## Eighth Affirmative Defense

### (Laches)

8.     The Complaint, and each cause of action asserted therein, is barred in whole or in part by the doctrine of laches.

## Ninth Affirmative Defense

### (No Liability Prior to Existence)

9.     The Complaint, and each cause of action set forth therein, is barred in whole or in part because G6 was not in existence during part or all of the time period of the incidents

alleged in the Complaint, and therefore is not responsible or liable for any conduct that occurred prior to its existence, including but not limited to any liability as a successor entity.

### Tenth Affirmative Defense

10.    The Complaint, and each cause of action set forth therein, fails to establish that G6 acted with intentional and outrageous conduct as required to justify the imposition of punitive damages under federal common law.

### Eleventh Affirmative Defense

11.    The Complaint, and each cause of action asserted therein, fails to establish that G6 engaged in intentional misconduct or gross negligence as required to justify the imposition of punitive damages under Florida law.

### Twelfth Affirmative Defense

(Reservation)

12.    G6 expressly reserves the right to amend this Answer to add, delete, or modify affirmative defenses based on legal theories, facts, and circumstances which may be developed through discovery or further legal analysis of Plaintiff's claims.

### PRAYER FOR RELIEF

WHEREFORE, G6 prays for judgment as follows:

1.  That Plaintiff's Second Amended Complaint be dismissed with prejudice;

2.  That Plaintiff take nothing by her Second Amended Complaint;

3.  That judgment be rendered in G6's favor;

4.  That G6 be awarded all costs of suit incurred herein; and

5.  That the Court award such other and further relief as it deems just and proper.

Dated:  March 30, 2020          **DLA PIPER LLP (US)**

By: *_/s/ Angela C. Agrusa_*

Angela C. Agrusa (admitted *pro hac vice*)
Shannon E. Dudic (admitted *pro hac vice*)
2000 Avenue of the Stars
Suite 400 North Tower
Tel:  310.595.3000
Fax:  310.595.3300
Angela.Agrusa@dlapiper.com
Shannon.Dudic@dlapiper.com
Los Angeles, CA  90067-4704

Elan A. Gershoni
Florida Bar No. 95969
200 South Biscayne Blvd Suite 2500
Miami, FL 33131-5341
Tel:      305.423.8567
Fax:      305.437.8131
Email:  Elan.Gershoni@dlapiper.com

*Attorneys for Defendant*
*G6 HOSPITALITY LLC*

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 30, 2020, a true and correct copy of the foregoing was furnished by CM/ECF to all counsel of record as listed below.

           */s/ Angela C. Agrusa*
           Angela C. Agrusa

C. Richard Newsome
R. Frank Melton
Milette E. Webber
Maegen Peek Luca
Newsome Melton
201 South Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone:  (407) 648-5977
Facsimile:  (407) 648-5282
newsome@newsomelaw.com
melton@newsomelaw.com
webber@newsomelaw.com
swinehart@newsomelaw.com
oneill@newsomelaw.com
luka@newsomelaw.com
*Attorneys for Plaintiff Jane Doe*

David Sager
DLA Piper LLP (US)
51 John F. Kennedy Parkway, Suite 120
Short Hills, NJ 07078-2704
Phone: (973) 520-2550
david.sager@dlapiper.com

J. Trumon Phillips
Fredrick McClure
DLA Piper LLP (US)
3111 W. Dr. Martin Luther King Jr. Blvd., Suite 300
Tampa, FL 33607-6233
Phone:  (813) 229-2111
Fax:  (813) 229-1447
Fredrick.mcclure@dlapiper.com
Trumon.phillips@dlapiper.com
Sheila.hall@dlapiper.com
*Attorneys for Defendants LQ Management LLC, CPLG HOL LLC, CPLG Properties LLC,*
*LQ FL Properties LLC, and La Quinta Worldwide, LLC*

David S. Harrigan
Therese A. Savona
Christopher J. Wysczynski
Cole Scott & Kissane, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, FL 32810
Phone:  (321) 972-0014
Fax:  (321) 972-0099
David.harrigan@csklegal.com
Christopher.wyszynski@csklegal.com
Myrna.liggett@csklegal.com
*Attorneys for Defendants Rickey Patel, LLC d/b/a Vacation Inn and Sky Motel, Inc.*

Onier Llopiz
Eric L. McAliley
Lydecker Diaz
2300 Glades Road, Suite 400W
Boca Raton, FL 33431
Phone (786) 587-1899
Fax:  (305) 416-3190
ol@lydeckerdiaz.com
elm@lydeckerdiaz.com
adl@lydeckerdiaz.com
cs@lydeckerdiaz.com
christy@lydeckerdiaz.com
*Attorneys for Defendant Surendra Patel d/b/a Budget Inn of Orlando*

Bruce Trybus
Cooney Trybus Kwaynick Peets
1600 W. Commercial Blvd., Suite 200
Fort Lauderdale, FL 33309
Phone:  (954) 568-6669
Fax:  (954) 568-0085
btrybus@ctkplaw.com
reception@ctkplaw.com
yhall@ctkplaw.com
tzerof@ctkplaw.com
*Attorneys for Defendant MW Plantation, LP d/b/a Sawgrass Inn & Conference Center*

Todd M. Hoepker
Todd M. Hoepker, P.A.
55 East Pine Street
Orlando, FL 32801
Phone: (407) 426-2060
Fax:  (407) 426-2066
toddhoepker@hoepkerlaw.com
*Attorney for Defendant Sweet Rose Corporation d/b/a Magic Castle Inn & Suites*