UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:20-60683-WPD-CIV-DIMITROULEAS/SNOW

JANE DOE,

    Plaintiff,

v.

RICKEY PATEL, LLC, d/b/a VACATION
INN, SKY MOTEL, INC., LQ FL ROPEORTIES
LLC m/k/a CPLG FL PROPERTIES LLC d/b/a
LA QUINTA INN located at 7901 S.W. 6th St,
Plantation, FL, LQ FL PROPERTIES LLC n/k/a
CPLG FL PROPERTIES LLC d/b/a LA
QUINTA INN FORT LAUDERDALE
TAMARAC EAST #4006, MW
PLANTATION, LP d/b/a SAWGRASS INN &
CONFERENCE CENTER,

    Defendants.
_____/

**DEFENDANT'S, SKY MOTEL, INC., MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

Defendant, SKY MOTEL, INC. ("Sky Motel"), by and through undersigned counsel, and pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, hereby moves to dismiss Plaintiff's Third Amended Complaint and Demand for Jury Trial [DE 164], and in support thereof, states as follows:

**INTRODUCTION**

Plaintiff's Third Amended Complaint relies on the Trafficking Victims Protection Reauthorization Act of 2008[1] ("TVPRA") to condemn the hotel industry as a whole. However,

---

[1] *See* 18. U.S.C. §§ 1591(a)(1), 1595(a).

Plaintiff cannot manipulate the TVPRA to provide a wholesale mechanism to sue the hotel industry.

In the instant case, Plaintiff alleges she is a survivor of sex trafficking within the meaning of 18 U.S.C. § 1591 and that she is entitled to recovery from the defendants under 18 U.S.C. § 1595. Plaintiff generally alleges that Sky Motel knew or should have known that she was being trafficked at the hotel and that it benefitted financially from the trafficking. Plaintiff's Third Amended Complaint does not include any information that has routinely been required by other courts to overcome a Motion to Dismiss, such as the name of Plaintiff's traffickers; the dates she was allegedly trafficked at Sky Motel; the names on the reservations; the manner in which the reservations were booked and paid; the duration of the stays; the names or descriptions of any Sky Motel staff Plaintiff encountered; the names or descriptions of any of the purported johns that Plaintiff encountered while staying at Sky Motel; or the specific physical signs of human trafficking that were allegedly present during Plaintiff's stays at the Sky Motel, *e.g.*, physical deterioration, no eye contact, boxes of condoms, bottles of lubricant, or pleas for help to staff, among others. Plaintiff is not exempt from the pleading requirements to provide fair and adequate notice to Sky Motel of the facts of her claims and grounds upon which they rest.

Count I of Plaintiff's Third Amended Complaint seeks to hold Sky Motel liable for negligence and Count II alleges that Sky Motel violated the Trafficking Victims Protection Reauthorization Act of 2008. The Third Amended Complaint filed herein should not be allowed to proceed because it does not plausibly allege facts to establish that Sky Motel participated in Plaintiff's trafficking to a sufficient degree while having the requisite level of knowledge of wrongdoing in relation to the true wrongdoer described in the Third Amended Complaint, Plaintiff's traffickers. Dismissal is warranted, first, because Plaintiff fails to state a claim for which

relief can be granted under a theory of negligence, as there are no well-pled facts plausibly suggesting that Sky Motel breached any duty, or that any such breach was the proximate cause of Plaintiff's alleged injuries. Second, Plaintiff has not stated a viable TVPRA claim against Sky Motel because there are no specifically pled facts giving rise to a reasonable inference that Sky Motel committed sex trafficking crimes or knowingly benefitted from participating in a sex trafficking venture. As such, Sky Motel respectfully requests that the Third Amended Complaint be dismissed with prejudice.

## MEMORANDUM OF LAW

### I. Standard for Motions to Dismiss

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a plaintiff must articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2000). The allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Although detailed factual allegations are not required, a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of the cause of action" will not do. *Id.* at 1949. A complaint's factual allegations must be enough to raise a right to belief above speculative level. *Id.*; *see also Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F. 3d 1182, 1188 (11th Cir. 2002) (holding that conclusory allegations and unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal). When a plaintiff "[has] not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."

3

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

*Twombly*, 550 U.S. at 570; *see also Kyricopoulous v. Rollins*, 1996 U.S. App. LEXIS 15262 at *4 (1st Cir. 1996) ("Rule 12(b)(6) is specifically designed to streamline litigation and do away with 'needless discovery.'").

## II.  Plaintiff's Claim of Negligence Fails to Establish Any Duty or Subsequent Breach of Duty

Count I of Plaintiff's Third Amended Complaint alleges that Sky Motel owed her a duty to minimize the risk of harm or take sufficient precautions to protect her from foreseeable criminal acts committed by human traffickers and breached its duty [DE 164, ¶63], but fails to allege any underlying facts which would support any breach of that duty.

Under Florida law, a landowner has no duty to protect an invitee on its property from criminal attack and will not be held responsible for the willful criminal act of a third person which could not be foreseen or anticipated. *See Ameijeiras v. Metropolitan Dade County,* 534 So. 2d 812, 813 (Fla. 3d DCA 1988); *Admiral's Port Condominium Ass'n, Inc. v. Feldman,* 426 So. 2d 1054, 1055 (Fla. 3d DCA 1983). Thus, "in order to impose a duty upon a landowner to protect an invitee from criminal acts of a third person, a plaintiff, invitee, must allege and prove that the landowner had actual or constructive knowledge of prior, *similar* acts committed upon invitees." *Ameijeiras,* 534 So. 2d at 814 (holding that "[t]he landowner's duty arises only when he has actual or constructive knowledge of *similar* criminal acts committed on his premises").

Plaintiff has failed to state a cause of action for negligence because Plaintiff failed to specifically plead acts of human trafficking at Sky Motel that would give rise to any duty. To the extent that this Court finds that Plaintiff's ambiguous allegations are sufficient to establish that human trafficking occurred at Sky Motel, Plaintiff has not alleged any facts demonstrating that the actions of her traffickers were foreseeable. Plaintiff alleges no prior police or court documents substantiating criminal activity of discussing Sky Motel's relationship to any human trafficking.

Further, Plaintiff broadly alleges that "Sky Motel created a foreseeable zone of risk by creating, fostering, and maintaining an environment where human traffickers…could evade legal detection while coercing human trafficking victims…to engage in commercial sexual conduct in Defendants' hotels." [DE 164, ¶64]. However, such a broad, conclusory allegation with no underlying factual allegations is simply insufficient to establish such a duty.

Further, Plaintiff's claims for negligence improperly imposes illusory duties of care on Sky Motel that are not valid under Florida law. A motel operator is under a continuing legal duty to its patrons to use ordinary care to keep the premises in a reasonably safe condition and protect them from harm due to reasonably foreseeable risks of injury. *Paterson v. Deeb,* 472 So. 2d 1210 (Fla. 1st DCA 1985), *rev. denied,* 484 So.2d 8 (Fla. 1986). Nevertheless, while a motel operator has the duty to use reasonable care for the protection of patrons, the motel is not the insurer of the safety of its patrons. *Hardy v. Pier 99 Motor Inn*, 664 So. 2d 1095, 1097 (Fla. 1st DCA 1995).

Here, Plaintiff alleges that Sky Motel breached its duty of care by failing to adequately distribute information to assist employees in identifying human trafficking, provide training related to human trafficking, and establish trafficking performance indicators and key metrics to help prevent human trafficking. [DE 164, ¶67]. However, Plaintiff fails to identify any facts or law to support a claim that Sky Motel was responsible for training its employees on human trafficking or implementing procedures to help prevent human trafficking.

As it pertains to Plaintiff's allegation that Sky Motel breached its duty of care owed to Plaintiff by allowing its owner and/or manager to participate in the exploitation of Plaintiff [DE 164, ¶48], "[t]he general rule is that an employer cannot be held liable for the tortious or criminal acts of an employee, unless they were committed during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer." *Nazareth v.*

*Herndon Ambulance Serv., Inc.,* 467 So.2d 1076, 1078 (Fla. 5th DCA 1985); *See also Iglesia Cristiana La Casa Del Señor, Inc. v. L.M.,* 783 So.2d 353, 357 (Fla. 3d DCA 2001) ("the employee's conduct must be 'of the kind he was employed to perform,' must occur 'substantially within the time and space limits authorized or required by the work to be performed,' and must be 'activated at least in part by a purpose to serve the master.'"). Not only is Plaintiff's Third Amended Complaint devoid of any information pertaining to the identity of said owner and/or manager that allegedly participated in Plaintiff's exploitation, it also fails to allege any facts suggesting that the exploitation of Plaintiff was committed by a Sky Motel employee within the course and scope of their employment or that Sky Motel was even aware of the alleged actions of its employee. As such, Count I should be dismissed.

### III. Plaintiff Fails to State a Claim Against Sky Motel Pursuant to TVPRA § 1595(a) Under a "Beneficiary" Theory

Count II of Plaintiff's Third Amended Complaint fails to allege facts that Sky Motel knowingly benefitted from a venture in violation of 18 U.S.C. Chapter 77, and therefore cannot recover pursuant to 18 U.S.C. § 1595. The TVPRA is a criminal statute that can give rise to civil claims. *See* 18 U.S.C. §§ 1591(a), 1595(a). As it pertains to adults, the statute targets commercial sex activity that is forced or coerced; it does not address commercial sex activity generally. 18 U.S.C. § 1591(a). Specifically, § 1591(a), the predicate statute from which Plaintiff is seeking relief, provides as follows:

> Whoever knowingly –
>
> (1) in or affecting interstate or foreign commerce ... recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by a means a person; or
>
> (2) benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

6

**COLE, SCOTT & KISSANE, P.A.**
COLE, SCOTT & KISSANE BUILDING - 9150 SOUTH DADELAND BOULEVARD - SUITE 1400 - P.O. BOX 569015 - MIAMI, FLORIDA 33256 - (305) 350-5300 - (305) 373-2294 FAX

> knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, or that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act, shall be punished as provided in subsection (b).

18 U.S.C. § 1591(a).

Under Section 1595(a), the TVPRA's civil remedy provision, in turn, provides:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorney's fees.

18 U.S.C. § 1595(a).

To trigger liability under the TVPRA, Plaintiff must plausibly allege that Sky Motel: (1) knowingly received anything of value, that (2) resulted from its participation in a venture, whereby (3) the hotel knew or should have known that a captor was engaged in the criminal act of human trafficking. 18 U.S.C. § 1595(a).[2]

### a. Plaintiff Failed to Adequately Allege Sky Motel "Participated in a Venture"

The Third Amended Complaint does not allege actions by Sky Motel which rises to the level of "participation in a venture." Instead, Plaintiff alleges that Sky Motel should have acted in

---

[2] In four cases brought by Jane Doe victims of sex trafficking against Red Roof Inns in the Atlanta area, the United States District Court for the Northern District of Georgia granted hotel defendants' motions to dismiss claims under § 1595, recognizing that a "standalone" claim under § 1595 must allege: "Defendants participated in ventures that were engaged in sex trafficking and that they each had three separate types of knowledge with respect to that venture: (1) knowledge as to a benefit received from trafficking; (2) knowledge as to "assisting, supporting or facilitating" trafficking; and (3) knowledge that Plaintiff was either a minor or subject to force." In doing so, the court imposed the definition of "participation in a venture" in § 1595(e)(4) the standards of § 1595(a)(2) to claims brought under § 1595. *See Doe 1 v. Red Roof Inns, Inc.*, No. 19-3840, 2020 WL 1872335 (N.D. Ga. Apr. 13, 2020); *Doe 2 v. Red Roof Inns, Inc.*, No. 19-3841, 2020 WL 1872337 (N.D. Ga. Apr. 13, 2020); *Doe 3 v. Red Roof Inns, Inc.*, No. 19-3843, 2020 WL 1872333 (N.D. Ga. Apr. 13, 2020); and *Doe 4 v. Red Roof Inns, Inc.*, No. 19-3845, 2020 WL 1872336 (N.D. Ga. Apr. 13, 2020).

such a way to prevent the occurrence of sex trafficking generally, which is insufficient to state a claim under the TVPRA, as an alleged failure to act cannot serve as the basis for liability under the TVPRA. *See* 18 U.S.C. § 1595(a).

Under Section 1591, "participation in a venture" is defined as "knowingly assisting, supporting, or facilitating [sex trafficking]." 18 U.S.C. § 1591(e)(4). Congress defined "venture" as "any group of two or more individuals associated in fact, whether or not a legal entity." *Id.* § 1591(e)(5). Congress's definition of "venture" in the TVPRA tracks the common law understanding of a joint venture, which is "[a] business undertaking by two or more persons engaged in a single defined project." Black's Law Dictionary (11th ed. 2019).

In *United States v. Afyare*, the Sixth Circuit Court of Appeals held that, as to violations under § 1591(a), the term "venture" should be read with the appropriate context to really mean "sex-trafficking venture." 632 F. App'x 272, 286 (6th Cir. 2016). The Sixth Circuit further held that "participation in a venture" requires that "a defendant actually participate and commit some 'overt act' that furthers the sex trafficking aspect of the venture." *Id.* It held that without that limitation on its sweep, the statute "would create a vehicle to ensnare conduct that the statute never contemplated." *Id.* Under these definitions, "liability, cannot be established by association alone, [and] Plaintiffs must allege specific conduct that furthered the sex trafficking venture." *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018).

The Sixth Circuit provided the hypothetical of a soccer player who joins a team that includes sex traffickers. Those sex traffickers sponsor the team financially using the money they have received from their trafficking. *Afyare*, 632 F. App'x 272 at 286. The soccer player knows that some of the other players are sex traffickers who pay for his travel accommodations and uniforms. *Id.* The court held that in this hypothetical, even though the soccer player has actual

knowledge of his teammates' sex trafficking venture and knows the benefits he receives from it, the soccer player could not be found liable for participating in such a venture based on his "mere negative acquiescence. [3]" *Id.* Instead, he could only be liable under § 1591(a) by "actually participating," for example, by collaborating with his sex trafficking teammates "for the purpose of furthering the sex trafficking." *Id.*

The Sixth Circuit's rationale has been applied in civil cases under § 1595(a), demonstrating that actual participation in a sex-trafficking venture by committing some overt act that furthers the sex trafficking aspect of the venture must be shown. *See Ratha v. Phatthana Seafood Co., No. CV 16-4271-JFW (ASX), 2017 WL 8293174, at \*4 (C.D. Cal. Dec. 21, 2017)* (liability cannot be premised on the mere "receipt of a passive benefit" of an alleged sex trafficking venture); *Noble,* 335 F. Supp. 3d 504 at 524 (liability "cannot be established by association alone" and therefore a plaintiff must allege "specific conduct that furthered the sex trafficking venture"); *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019) ("there must be a causal relationship between affirmative conduct furthering the sex-trafficking venture and receipt of a benefit, with actual or, in the civil context, constructive knowledge of that causal relationship"). Plaintiff's Third Amended Complaint does not contain a single allegation of an affirmative act by Sky Motel. Instead, Plaintiff regurgitates conclusory allegations that Sky Motel knew or should have known that Plaintiff was being sexually exploited, and that Sky Motel turned a blind eye to Plaintiff's trafficking. [DE 164, ¶74].[4] For these reasons, Plaintiff's laundry list of items Sky Motel

---

[3] While *Afyare* was brought under the criminal penalty section of the TVPRA, the language "participation in a venture" appears in both the civil and criminal sections of the statute, and therefore should be interpreted in the same manner. *See IBP, Inc. v. Alvarez,* 546 U.S. 21, 126 S. Ct. 514, 163 L. Ed. 2d 288 (2005) (stating "identical words used in different parts of the same statute are generally presumed to have the same meaning.").

[4] The Third Amended Complaint also does not allege facts sufficient to support a plausible inference that Sky Motel subjectively believed there was a high probability that Plaintiff was being trafficked, or that Sky Motel took deliberate steps to avoid confirming that Plaintiff was being trafficked. *See, e.g.*, *Glob.-Tech Appliances, Inc. v. SEB S.A.*, 563

purportedly *did not do* to prevent sex trafficking generally [DE 164, ¶67] are legally insufficient to allege participation in a sex trafficking venture.

Similar allegations of "participation in a venture" permeated the *Noble* case. The Southern District of New York stated: "Plaintiff makes several conclusory allegations about Robert's involvement in Harvey's conduct. The Amended Complaint alleges that Robert 'facilitated' and 'pa[id] for' Harvey's travel in interstate commerce, that he 'knowingly benefited from' Harvey's violation of Section 1591, and that he 'paid for prior settlements of claims made by women against [Harvey].'" *Noble*, 335 F. Supp. 3d at 524 (alterations in original). These conclusory allegations were insufficient to survive a motion to dismiss. *Id.* (finding "[w]hat is required here, and what is missing, are factual allegations of participation that render a violation of Section 1591(a)(2) by Robert plausible on its face" because there were no "factual allegations that link Robert's actions to Harvey's 2014 conduct toward Noble."). Similarly, Plaintiff failed to allege any facts linking Plaintiff's trafficker's conduct to Sky Motel. Moreover, the Plaintiff has not sufficiently pled Sky Motel "participated in a venture" in violation of the TVPRA, and thus, in applying *Noble*, Plaintiff's Third Amended Complaint should be dismissed.

### b. Plaintiff Has Not Pleaded Facts Sufficient to Suggest Sky Motel Knowingly Benefitted Financially or by Receiving Anything of Value

The Third Amended Complaint does not sufficiently and adequately allege that Sky Motel "knowingly benefitted" from alleged trafficking because there must be "a causal relationship" between a defendant's "affirmative conduct furthering the sex-trafficking venture and receipt of a

---

U.S. 754, 769 (2011) (holding that "willful blindness" has "two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact"). In fact, due to the lack of the specific allegations against Sky Motel, the Third Amended Complaint does not plausibly allege that Sky Motel was even aware of Plaintiff's alleged traffickers. Nor does Plaintiff allege that Sky Motel took deliberate steps to avoid confirming that Plaintiff was being trafficked, let alone specify what those steps may have been. Plaintiff's meager allegations as to Sky Motel's purported willful blindness cannot support a claim that Sky Wpotel "should have known" of Plaintiff's alleged trafficking.

benefit, with actual or . . . constructive knowledge of that causal relationship." *Geiss*, 383 F. Supp. 3d at 169 (emphasis added). The TVPRA requires a "knowing" benefit, which is something more than receipt of an incidental benefit. *Id.*

In *Geiss*, The Weinstein Company Holdings, LLC ("TWC") was sued under the TVPRA as a result of its employment relationship with the accused sex trafficker, Harvey Weinstein. *Id.* at 169. The Court found that TWC "undoubtedly benefitted" from Mr. Weinstein's continued employment with TWC because his "movies and influence generated revenue, and some of that revenue flowed to TWC's officers and directors." *Id.* But the fact that revenue ultimately flowed to the defendant was insufficient to show a "knowing benefit" under the TVPRA. *Id.* Rather, the "controlling question" was whether Mr. Weinstein "provided any of those benefits to TWC because of TWC's facilitation of H. Weinstein's sexual misconduct" as opposed to because of his employment with the company alone. *Id.* (emphasis in original). In granting TWC's motion to dismiss the Section 1595 claim, the Court found there were no facts alleged to support such a conclusion and that, "[t]o the contrary, plaintiffs' allegations suggest that H. Weinstein benefited TWC in spite of his alleged predations..." *Id.* at 169-70 (emphasis added).

Similarly, here, Plaintiff relies on the same argument rejected in *Geiss*. The Third Amended Complaint does not show that Sky Motel "knowingly benefitted financially" from Plaintiff's trafficking, as any benefits that allegedly ultimately flowed to Sky Motel from Plaintiff's trafficking necessarily occurred "in spite of," rather than "because of," the actions of Plaintiff's trafficker. *Id.* at 169-70.[5] There are no facts alleged showing Plaintiff's traffickers rented a room

---

[5] Plaintiff will undoubtedly rely on the holding in *H.H. v. G6 Hospitality, LLC* wherein the Southern District of Ohio opined that "the rental of a room [alone] constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element of the §1595(a) standard." 2:19-CV-755, 2019 WL 6682152, at *3 (S.D. Ohio Dec. 6, 2019). The court's opinion improperly removes the knowledge requirement from the "knowingly benefit financially" element of the statute. Under that erroneous interpretation of the TVPRA, a plaintiff need only *receive* money to constitute a "knowing benefit." Congress included the word "knowing" before "benefit"; therefore, it has to mean something

11

at Sky Motel *because of* Sky Motel's alleged affirmative acts that facilitated sex trafficking. At most, the Third Amended Complaint alleges Sky Motel benefitted from an occasion where it may have rented a room to a trafficker. Plaintiff cannot dispute that such generation of funds would have occurred as to the renting of any room, regardless of the guest's purpose for staying at the hotel. The mere receipt of these funds does not rise to the level of a "knowing benefit" or "participation" in any trafficking act. Based on the foregoing reasons, the Third Amended Complaint is devoid of alleged facts showing that Sky Motel knowingly benefitted from or is in a better position because of human trafficking.

### c. Plaintiff Failed to Adequately Allege Sky Motel Knew or Should Have Known of an Act in Violation of the TVPRA

Plaintiff did not properly allege facts to show that Sky Motel "knew or should have known" that the alleged sex trafficking at issue was actually occurring pursuant to 18 U.S.C. § 1595(a), and thus, Count II of Plaintiff's Third Amended Complaint should be dismissed. Federal courts have generally associated the "knew or should have known" standard with actual knowledge or reckless disregard. *See Ricchio v. McLean*, 853 F.3d 553, 556 (1st Cir. 2017) (referencing reckless disregard on a Section 1595 claim). Here, Plaintiff does not adequately allege that Sky Motel knew or should have known about the trafficking on its premises.

The Third Amended Complaint repeats the conclusory statement that Sky Motel "knew" about Plaintiff's trafficking. *See generally*, [DE 164]. However, without facts to support these allegations, the allegations are nothing but "[t]hreadbare recitals of the elements of a cause of

---

because the TVPRA cannot be interpreted to render the word "knowing" void. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (stating that a court should construe a statute so that "no clause, sentence, or word" is rendered "superfluous, void, or insignificant.") (internal quotation marks omitted). The holding in the *G6 Hospitality* case was, plainly speaking, erroneous and this District should disregard it. Indeed, to follow such an incorrect ruling would basically convert Section 1595(a) into a strict liability statute. Conversely, the *Geiss* court properly construed the "knowingly benefit financially" language when it found that financial benefits *alone* are not enough to meet this element of a TVPRA claim.

action, supported by mere conclusory statements," which cannot survive a motion to dismiss. *Iqbal*, 556 U.S. at 678; *Mansor v. JPMorgan Chase Bank, N.A.*, 183 F. Supp. 3d 250, 275 (D. Mass. 2016) (dismissing allegations that a bank "knew or ought to have known" information alleged where there were "no facts" alleged indicating the bank "was aware of such information.").

There are also no well-pleaded allegations supporting any claim that Sky Motel should have known about or recklessly disregarded Plaintiff's alleged trafficking. It is not enough for Plaintiff to allege that "Defendants" have some generalized knowledge that trafficking sometimes occurs in hotels. *Ratha v. Phatthana Seafood Co.*, No. CV 16-4271-JFW (ASX), 2017 WL 8293174, at *5 (C.D. Cal. Dec. 21, 2017) (Plaintiffs argue that Rubicon and Wales knew or should have known that Phattana [] engaged in [human trafficking] based on general reports about human trafficking in Thailand and reports and letters by advocacy groups….Plaintiffs have failed to demonstrate that Rubicon or Wales knew or should have known that human trafficking existed…). All that can be gleaned, from the Third Amended Complaint, is that Plaintiff would "…walk into the lobby and pay cash for the rooms" [DE 164, ¶9] and she "always paid cash and she would only pay for one night at a time, booking the next night's stay before check-out time" [DE 164, ¶65]. Plaintiff's Third Amended Complaint does not plausibly allege that Sky Motel knew of, directly interacted with, rented a room to, or received funds from Plaintiff's traffickers.

Moreover, except where the plaintiff is a minor, Section 1595(a) requires factual allegations plausibly suggesting that a defendant should have known that the plaintiff was being forced or coerced to commit commercial sex acts against the plaintiff's will. *See* 18 U.S.C. §§ 1591(a), 1595(a). Allegations that defendant should have known that the plaintiff was participating in commercial sex activity generally are insufficient. *Ratha,* No. CV 16-4271-JFW at *5 (C.D. Cal. Dec. 21, 2017). The Third Amended Complaint, however, is entirely devoid of factual

allegations plausibly even suggesting that Sky Motel knew or should have known that Plaintiff was allegedly being forced or coerced to commit commercial sex acts against her will.

In *Ricchio v. Mclean*, the First Circuit Court of Appeals found that a complaint under 18 U.S.C. § 1595(a) against hotel owners and operators withstood a motion to dismiss. 853 F.3d 553 (1st Cir. 2017). The complaint in *Ricchio* contained allegations of specific exchanges between the hotel operators and the convicted trafficker, from which the First Circuit held that it could reasonably infer a knowing participation in the sex trafficking venture on the part of the hotel operators. *Id.* at 557. Specifically, the complaint alleged that the hotel operator and the trafficker had "exchanged high-fives in speaking about 'getting this thing going again.'" *Id*. According to the complaint, there were "exhibitions of [the trafficker's] coercive and brutal behavior to a physically deteriorating [Plaintiff], who pleaded for help" and the owner showed complaisance in response. *Id* at 555. The complaint also alleged that the hotel operators were acting as the trafficker's agent. *Id.* at 556. As a result of these very specific allegations, the court held that the complaint had laid out a *plausible* set of facts indicating that the hotel owners and operators *knowingly participated*, to some extent, in a sex trafficking venture. It was for that reason that the claim for civil liability could move forward. *Id.* at 557.

In the case at hand, no such allegations are before this Court. Plaintiff presents conclusory allegations that Sky Motel knew or should have known that Plaintiff was being trafficked on its premises due to "red flags" of sex trafficking, including paying for rooms with cash or pre-paid credit cards, staying at an hourly or extended stay with few possessions, and frequently requesting new linens, towels, and to restock the refrigerator, amongst others [DE 164, ¶21]. Since these indicators of sex trafficking can also be attributed to normal hotel guest behavior, it would be unjust to subject Sky Motel to liability when these alleged signs are not enough, standing alone, to

CASE NO: 0:20-cv-60683

allege a cause of action under the TVPRA. Unlike the allegations in *Ricchio,* the Third Amended Complaint does not allege any specific facts to show that Sky Motel knew or should have known of the fact that trafficking was occurring on its premises, or that the traffickers would use force, fraud, or coercion to cause Plaintiff to engage in commercial sex acts. Plaintiff's TVPRA claim against Sky Motel must be dismissed absent such factual allegations.

WHEREFORE, Sky Motel respectfully requests that this Honorable Court enter an Order dismissing Plaintiff's Third Amended Complaint in its entirety, and for all other relief this Court deems just and proper.

Date:   May 18, 2020
        Miami, Florida

## CERTIFICATE OF GOOD FAITH CONFERENCE

We hereby certify that at the time of the filing of this Motion, counsel for movant conferred with all parties or nonparties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues, and said parties/nonparties could not reach a resolution.

## CERTIFICATE OF SERVICE

I certify that on May 18, 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**COLE, SCOTT & KISSANE, P.A.**
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone: (305) 350-5300

Facsimile: (305) 373-2274
Attorneys for Rickey Patel, LLC
and Sky Motel, Inc.

   /s/Joseph J. Goldberg
Joseph J. Goldberg (FBN: 091107)
Lindsay A. Adler (FBN: 1010168)

**SERVICE LIST**

| | |
|---|---|
| **C. Richard Newsome , Esq.**<br>**Milette Elise Webber, Esq.**<br>**Robert Frank Melton, II, Esq.**<br>**William Carl Ourand, Jr., Esq.**<br>Newsome Law Firm<br>201 South Orange Avenue<br>Suite 1500<br>Orlando, FL 32801<br>Telephone: (407) 648-5977<br>Fax: (407) 648-5282<br>Email: newsome@newsomelaw.com<br>Email: ourand@newsomelaw.com<br>Email: webber@newsomelaw.com<br>*Counsel for Plaintiff* | **Bruce Michael Trybus, Esq.**<br>Cooney Trybus Kwavnick Peets<br>1600 W Commercial Boulevard , Suite 200<br>Fort Lauderdale, FL 33309<br>Telephone: (954) 568-6669<br>Fax: (954) 568-0085<br>Email: btrybus@ctkplaw.com<br>*Counsel for MW Plantation, LP, LLC d/b/a Sawgrass Inn & Conference Center* |
| **J. Trumon Phillips, Esq.**<br>DLA Piper LLP (US)<br>3111 W. Dr. Martin Luther King Jr. Blvd.<br>Suite 300<br>Tampa, FL 33607-6233<br>Telephone: (813) 222-5993<br>Fax: (813) 371-1193<br>Email: trumon.phillips@dlapiper.com<br><br>David S. Sager (*pro hac vice* forthcoming)<br>**DLA PIPER LLP (US)**<br>51 John F. Kennedy Parkway, Suite 120<br>Short Hills, NJ  07078-2704<br>Phone:  973-520-2550<br>Fax:  973-520-2551<br>Email: david.sager@dlapiper.com<br>*Counsel for La Quinta Worldwide, LLC, LQ Management L.L.C., CPLG HOL L.L.C., CPLG Properties, L.L.C., and CPLG FL Properties L.L.C.* | |

| *(formerly known as LQ FL Properties L.L.C.)* | |