UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  0:20-60683-WPD-CIV-DIMITROULEAS/SNOW

JANE DOE,

       Plaintiff,

v.

RICKEY PATEL, LLC d/b/a VACATION INN,
SKY MOTEL, INC., LQ FL PROPERTIES LLC
n/k/a CPLG FL PROPERTIES LLC d/b/a LA
QUINTA INN FORT LAUDERDALE
TAMARAC EAST #4006, LQ FL PROPERTIES
LLC n/k/a CPLG FL PROPERTIES LLC
d/b/a  LA QUINTA INN located at 7901 SW 6TH
ST PLANTATION, FL and MW PLANTATION,
LP d/b/a SAWGRASS INN & CONFERENCE
CENTER
       Defendants.
_____/

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS
FILED BY DEFENDANT MW PLANTATION, LP**

This case comes to the Court on the cutting edge of federal legislation intended to empower victims of human trafficking. That legislation expressly enables survivors like Jane Doe to pursue claims against businesses that chose to look the other way while facilitating and reaping profits from the sexual exploitation of human beings.  Through its motion to dismiss (Doc. 173), MW PLANTATION, LP ("Sawgrass Inn") asks this Court to ignore both the purpose and the plain language of the statute and dismiss Ms. Doe's lawsuit.  The motion should be denied.

**MEMORANDUM OF LAW**

In her responses to the motions to dismiss filed by La Quinta, Sky Motel, and Vacation Inn, Ms. Doe provided the Court with a brief background as to the statute upon which Ms. Doe's lawsuit

1

is based, the Trafficking Victims Protection Reauthorization Act, found at 18 U.S.C. § 1595.[1] Rather than take up space repeating that information, Ms. Doe incorporates the information at Doc.179, pages 2 through 5 and Doc. 180, pages 1 through 5, by reference.

**I.      Ms. Doe's negligence claims establish duty and breach of that duty.**

Sawgrass Inn claims that Ms. Doe has failed to state a cause of action for negligence because Sawgrass Inn reads Ms. Doe's negligence count as being grounded in the Hotel Code of Conduct. Sawgrass believes it can have no duty to Ms. Doe under the Hotel Code of Conduct because Sawgrass Inn did not sign the Hotel Code of Conduct. Doc. 173, p.3. In support, Sawgrass Inn cites one case, holding that there is no duty where there was no contract between the parties. *Id*.

Sawgrass Inn's interpretation of the negligence count is far too narrow. Ms. Doe cited to the Hotel Code of Conduct not as a basis for a duty, but as evidence of negligence. That is, the fact that the Code exists, and is well-known within the industry, but Sawgrass Inn chose not to sign onto the Code is evidence that Sawgrass Inn did not act in a reasonable manner as other reasonable hotels would have acted when deciding whether to take steps to protect its guests against human trafficking.

The fact of the matter is, even if there was no such thing as the Hotel Code of Conduct, Sawgrass Inn, as the hotel owner, owed a duty to Ms. Doe to protect her from trafficking on its

---

[1] La Quinta, Sky Motel and Vacation Inn filed their motions to dismiss on May 18, 2020. Doc. 169, 170, 171. The responses to these motions to dismiss were due on Monday, June 1. Sawgrass Inn received an extension of time for filing its responsive pleading and filed its motion to dismiss on May 26. On Thursday, May 28, Plaintiff requested an extension of time so that she could respond to all four motions to dismiss in a single response to be due on June 8. This Court granted the motion for extension of time on the afternoon of June 1. By the time the order came through, Plaintiff's counsel had already drafted the responses to the motions to dismiss filed on May 18 (counsel did not want to risk the motion for extension of time being denied). Because they were already done, Plaintiff's counsel filed the three responses on June 1. In an effort to aid the Court in resolving the very similar arguments raised in all four defendants' motions to dismiss, Plaintiff is filing the response to the MW Plantation motion to dismiss early.

premises. To answer the question of whether a duty arises in any particular context, requires a weighing "the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." *Rupp v. Bryant,* 417 So.2d 658, 667 (Fla.1982) (quoting W. Prosser, *The Law of Torts* § 53, at 325–26 (4th ed.1971)); RESTATEMENT (SECOND) OF TORTS §§ 314, 315 (1965). And Florida recognizes a duty of a premises owner to protect against the actions of a third party when the actions are taken on the property. *See Abad v. G4S Secure Sols. (USA), Inc.*, 4D18-2658, 2020 WL 1546443, at *3 (Fla. 4th DCA Apr. 1, 2020) (citing *Daly v. Denny's, Inc*., 694 So. 2d 775, 777 (Fla. 4th DCA 1997) (citing *Vic Potamkin Chevrolet, Inc. v. Horne*, 505 So. 2d 560, 562 (Fla. 3d DCA 1987)).

Given that Sawgrass was aware of the trafficking on its premises (Ms. Doe herself had been caught up in a trafficking sting there in 2015 and then again in 2017 – Doc. 164, p.21, ¶ 22), Ms. Doe alleged that Sawgrass Inn created "a foreseeable zone of risk by creating, fostering, and maintaining an environment where human traffickers, including Plaintiff's traffickers, could evade legal detection while coercing human trafficking victims, including Plaintiff, to engage in commercial sexual conduct" at the Sawgrass Inn. Doc. 164, p.21, ¶ 100. And, Ms. Doe listed ten different ways Sawgrass Inn violated its duty of care to Ms. Doe. Doc. 164, pp.22-23, ¶ 102. Generally speaking, Sawgrass Inn ignored the signs (signs which existed irrespective of the Hotel Code of Conduct). The motion to dismiss the negligence count against Sawgrass Inn should be denied.

**II.     Ms. Doe has stated a claim under 18 U.S.C. § 1595.**

**A. Ms. Doe properly alleged that Sawgrass Inn "participated in a venture."**

The civil action component of the TVPRA provides that:

> An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by

3

> receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees.

18 U.S.C. § 1595(a). Similar to its co-defendants, Sawgrass Inn argues that § 1595 requires Ms. Doe to allege that the hotel actually participated in the sex-trafficking venture. Doc. 173, p.4. ("there are no allegations that Sawgrass Inn had any interaction whatsoever with Plaintiff's alleged traffickers, let alone allegations that Sawgrass Inn and plaintiff's traffickers were engaged in some sort of concerted venture.") Like its co-defendants, Sawgrass Inn cites to the *Red Roof* case in the Northern District of Georgia and seeks to graft the definition of "venture" from the criminal provision of the TVPRA, § 1591, onto the civil provision under which Ms. Doe is proceeding. *Id*. Apparently relying on the arguments made by its co-defendants (but without expressly requesting reliance upon or adopting the co-defendants' arguments) Sawgrass Inn offers the Court no discussion or legal argument, only citation to two cases and a statute. The sum total of Sawgrass Inn's entire section on this point is 16 lines. It is difficult to formulate a cogent response to a motion to dismiss that makes no real arguments.

Rather than guessing at Sawgrass's intended arguments or burdening the Court with unnecessary repetition, Ms. Doe expressly relies upon the arguments made in her response to La Quinta's motion to dismiss (Doc.180) at pages 5 to 12 and her response to Sky Motel and Vacation Inn's motion to dismiss (Doc.179) at pages 7 to 12. On those pages, Ms. Doe explains why the definition of the word "venture" in § 1591 does not carry over to § 1595 and further explained why allowing such a carryover would defy the purpose of § 1595. She also explains the caselaw that has refuted the argument that a plaintiff must allege an "overt act" in furtherance of trafficking in order to state a claim under the TVPRA. In short, for the same reason La Quinta, Sky Motel and Vacation Inn's arguments fail, Sawgrass Inn's citation to authority fails.

4

Given that no association in fact or overt act is necessary, the question is whether Ms. Doe alleged facts sufficient to infer that Sawgrass Inn "participated in a venture" under § 1595(a). In *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959 (S.D. Ohio 2019), the court denied the hotels' motions to dismiss where the trafficking victim alleged facts very similar to those alleged here. The *M.A.* court said that, "in the absence of a direct association, Plaintiff must allege at least a showing of a continuous business relationship between the trafficker and the hotels such that it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement." 425 F. Supp. 3d at 971. The *M.A.* court found that the plaintiff alleged sufficient facts to show Defendants "participated in a venture" under § 1595 "by alleging that Defendants rented rooms to people it knew or should have known where engaged in sex trafficking." *Id*. In addition, the plaintiff in *M.A.* also alleged that the hotels failed to adequately train their staff to deal with trafficking. *Id*. at 968. The court said, "[t]hese allegations are sufficient to survive a 12(b)(6) motion to dismiss." *Id*.

> Here, Ms. Doe alleged that:
>
> Sawgrass Inn's cooperation in the venture exceeded that inherent in the normal room renting transaction because Sawgrass Inn elected to ignore red flags that Plaintiff was being trafficked. Sawgrass Inn knew or should have known that Plaintiff was being sexually exploited in violation of the TVPRA. Plaintiff exhibited red flags upon which Sawgrass Inn's staff should have been trained to act.
>
> Those red flags included the fact that the hotel was known by police as being a hot spot for human trafficking. In fact, Plaintiff was caught up in a human trafficking sting in 2015 at this very hotel and was part of a sting again on the same property in 2017. On information and belief, the stings in which Plaintiff was involved were not the only stings at the property. Like the other hotels, Plaintiff would pay for the room in cash and only pay for one night at a time, renewing for the next night before check-out. She would check in with a purse and perhaps a small duffel, but nothing else. She would be trafficked at Sawgrass Inn for approximately five days at a time with double-digit sexual exploitations taking place each day. The men would park, stay in the room for approximately twenty minutes, and then leave. Ms. Doe, on the other hand, would rarely leave the room for days at a time. Ms. Doe would turn away housekeeping during her

5

>   stay and ask for sheets to change the bedding herself and put her trash outside the door.

Doc.164, p.24, ¶¶ 109-10.

These facts contain the same kind of information as the allegations in *M.A.* Furthermore, Plaintiff calls the Court's attention to the fact that Sawgrass Inn did not even attempt to argue that Plaintiff failed to satisfy the pleading requirement that Sawgrass Inn knew or should have known that trafficking was taking place at the hotel (given the multiple police raids, how could it?).

Accordingly, Ms. Doe's allegations are more than enough to give rise to an inference that Sawgrass Inn "knew or should have known," 18 U.S.C. § 1595(a), that Ms. Doe was being trafficked and that "it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement." *M.A.*, 425 F. Supp. 3d at 971; *see also Somaza v. Loancare, LLC*, 17-CV-60976, 2017 WL 7796058, at *1 (S.D. Fla. July 14, 2017) ("Under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.") (citations omitted).

### B. Ms. Doe adequately alleged that Sawgrass Inn "knowingly benefitted" under § 1595.

Similar to its co-defendants, Sawgrass Inn posits that "[m]erely receiving money for the rental of a hotel room is insufficient to demonstrate that Sawgrass Inn 'knowingly benefitted'" under the terms of § 1595. Doc. 173, p.5. Again though, Sawgrass Inn offers no argument. Hence, Ms. Doe expressly relies upon the arguments made in her response to La Quinta's motion to dismiss (Doc.180) at pages 16 to 18 and the arguments made in her response to Sky Motel and Vacation Inn's motion to dismiss (Doc.179) at pages 16 to 18. There, Ms. Doe cited to *H.H. v. G6*

*Hosp., LLC*, 2:19-CV-755, 2019 WL 6682152, at *2 (S.D. Ohio Dec. 6, 2019), where the court wrote that § 1595 "requires that Defendant knowingly benefit financially, ***not*** that the perpetrator compensate Defendant 'on account of' the sex trafficking.'" *Id*. at .2; *see also A.B. v. Marriott Int'l, Inc.*, CV 19-5770, 2020 WL 1939678, at *6 (E.D. Pa. Apr. 22, 2020) (finding that the following allegations "are sufficient to meet the 'knowingly benefitted' element of a civil claim under section 1595 of the Act": plaintiff's "trafficker rented rooms for weeks at a time, paid with a prepaid credit card, checked her in with little personal belongings, a steady stream of male visitors entered the hotel through the front doors and main lobby, and the rooms bore signs of illicit sexual activity" and that "Marriott knew or should have known of these 'red flags' but nevertheless continued to rent rooms to A.B.'s traffickers and received financial benefit from sex trafficking."); *M.A.*, 425 F. Supp. 3d at 965 ("M.A. has alleged that Defendants rented rooms to the trafficker, and therefore benefited financially. This Court finds that the rental of a room constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element of the § 1595(a) standard."). Again, for the same reason La Quinta, Sky Motel and Vacation Inn's arguments fail, Sawgrass Inn's citation to authority fails.

Here, Jane Doe alleged that "Sawgrass Inn knew or should have known that Plaintiff was being sexually exploited in violation of the TVPRA" and that "Plaintiff exhibited red flags upon which Sawgrass Inn's staff should have been trained to act." Doc. 165, p.24, ¶ 109. Ms. Doe further alleged that "Sawgrass Inn received cash for every night Plaintiff was exploited in her rented room" and that "Sawgrass Inn continued renting the room despite the red flags that called attention to human trafficking." Doc. 164, pp.24-25, ¶ 112. Those red flags included the fact that there had been multiple human trafficking stings at the hotel, Jane Doe rented rooms for multiple nights, but only rented one night at a time, renewing just before check out each day, that she

7

checked in with very little in the way of personal belongings, that there were a steady stream of male visitors, that she always turned away housekeeping, changed her own sheets, and put out her own trash, and that Sawgrass Inn affirmatively avoided confirming that Plaintiff was a trafficking victim so it could provide a safe location for sexual exploitation to take place and continue receiving the room revenue. Doc.164, p.24, ¶ 110-112; see also Doc. 124, p.21, ¶ 21 (list of red flags).

## Conclusion

For the foregoing reasons, the motions to dismiss filed by MW Plantation, LP d/b/a Sawgrass Inn & Conference Center (Doc. 173) should be denied.

*/s/ Maegen Peek Luka*

**C. RICHARD NEWSOME, ESQUIRE**
Florida Bar No.: 827258
**R. FRANK MELTON, ESQUIRE**
Florida Bar No.: 0475440
**MILETTE E. WEBBER, ESQUIRE**
Florida Bar No.: 145874
**MAEGEN PEEK LUKA**
Florida Bar No.: 549851
**NEWSOME MELTON**
201 South Orange Avenue, Suite 1500
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile: (407) 648-5282
*Attorneys for Plaintiff*
*newsome@newsomelaw.com*
*melton@newsomelaw.com*
*webber@newsomelaw.com*
*swinehart@newsomelaw.com*
*oneill@newsomelaw.com*
*luka@newsomelaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on June 5, 2020 a true and correct copy of the foregoing was furnished by CM/ECF to all counsel of record as listed below.

/s/ *C. Richard Newsome*

*Attorney*

J. Trumon Phillips
**DLA PIPER LLP (US)**
Florida Bar No. 84568
Fredrick H.L. McClure
Florida Bar No. 147354
3111 W. Dr. Martin Luther King Jr. Blvd., Suite 300
Tampa, Florida 33607-6233
Phone:  813-229-2111
Fax:  813-229-1447
Email: Fredrick.mcclure@dlapiper.com;
trumon.phillips@dlapiper.com
sheila.hall@dlapiper.com

David Sager (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway , Suite 120
Short Hills, NJ 07078-2704
Phone: 973-520-2550
Email: david.sager@dlapiper.com

*Attorneys for Defendants*
*LQ Management L.L.C., CPLG HOL  L.L.C.,*
*CPLG Properties L.L.C., LQ FL Properties L.L.C*
*and La Quinta Worldwide, LLC*


David S. Harrigan
Therese A. Savona
Christopher J. Wyszynski
**Cole Scott & Kissane, P.A.** Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, FL 32810
Phone:  321-972-0014

Fax: 321-972-0099
Email: david.harrigan@csklegal.com
christopher.wyszynski@csklegal.com
myrna.liggett@csklegal.com

*Attorneys for Defendants*
*Rickey Patel, LLC /b/a Vacation Inn and Sky Motel, Inc.*


Bruce Trybus
**Cooney Trybus Kwavnick Peets**
1600 W. Commercial Blvd., Suite 200
Fort Lauderdale, FL 33309
Phone: 954-568-6669
Fax: 954-568-0085
Email: btrybus@ctkplaw.com
reception@ctkplaw.com yhall@ctkplaw.com tzerof@ctkplaw.com

*Attorneys for Defendant*
*MW Plantation, LP d/b/a Sawgrass Inn & Conference Center*