UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:20-60683-WPD-CIV-DIMITROULEAS/SNOW

JANE DOE,

    Plaintiff,

v.

RICKEY PATEL, LLC, d/b/a VACATION
INN, SKY MOTEL, INC., LQ FL ROPEORTIES
LLC m/k/a CPLG FL PROPERTIES LLC d/b/a
LA QUINTA INN located at 7901 S.W. 6th St,
Plantation, FL, LQ FL PROPERTIES LLC n/k/a
CPLG FL PROPERTIES LLC d/b/a LA
QUINTA INN FORT LAUDERDALE
TAMARAC EAST #4006, MW
PLANTATION, LP d/b/a SAWGRASS INN &
CONFERENCE CENTER,

    Defendants.
_____/

## DEFENDANTS', SKY MOTEL, INC. AND RICKEY PATEL, LLC D/B/A VACATION INN, REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Defendants, SKY MOTEL, INC. ("Sky Motel") and RICKEY PATEL, LLC D/B/A VACATION INN, ("Vacation Inn"), by and through their undersigned counsel, hereby Replies to Plaintiff's Omnibus Response to Motions to Dismiss filed by Sky Motel and Vacation Inn, [DE 179], and states as follows:

### I.   Introduction

In the instant case, Plaintiff alleges she is a survivor of sex trafficking within the meaning of 18 U.S.C. § 1591 and that she is entitled to recovery from the defendants under 18 U.S.C. § 1595 for the criminal actions allegedly perpetrated by Plaintiff's traffickers. Plaintiff's conclusory allegations that Sky Motel and Vacation Inn knew or should have known that she was being

trafficked at the hotel and that it benefitted financially from Plaintiff's alleged trafficking are not sufficient facts to support her claims under a theory of negligence or a violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"). As a matter of law, these deficiencies are fatal to Plaintiff's claims and the Third Amended Complaint should be dismissed.

## II. Plaintiff's Claim of Negligence Fails to Establish Any Duty or Subsequent Breach of Duty

As a hotel guest, Sky Motel and Vacation Inn owed Plaintiff a duty of reasonable care for her safety. *Phillips Petroleum Co. of Bartlesville, Okl. v. Dorn*, 292 So. 2d 429, 431 (Fla. 4th DCA 1974). A hotel owner or operator is not an insurer of the safety of its patrons. *Black v. Heininger*, 163 So.2d 3 (Fla. 2d DCA 1964). Nor is the owner or operator liable for the conduct of another on its premises which causes injury to a business invitee unless the owner or operator has notice of the danger involved and an opportunity to protect against it. *Highlands Insurance Co. v. Gilday*, 398 So. 2d 834 (Fla. 4th DCA), *rev. denied,* 411 So. 2d 382 (Fla.1981).

Here, Plaintiff seeks to impose numerous duties of care on Sky Motel and Vacation Inn that are not recognized under Florida law, including a duty to prevent alleged sexual exploitation of a hotel guest on its property [DE 179, p.6]. Plaintiff argues in her Response that Sky Motel and Vacation Inn are under such a legal duty because the acts of Sky Motel and Vacation Inn created a foreseeable zone of risk by allegedly creating an environment where Plaintiff's traffickers could evade legal detection while exploiting victims [DE 164, ¶64]. Florida courts have recognized that a duty may arise because of a foreseeable zone of risk arising from the acts of the defendant. *See McCain v. Florida Power Corp.*, 593 So. 2d 500 (Fla. 1992). Where a defendant's conduct creates a foreseeable zone of risk, the law generally will recognize a duty placed upon defendant either to lessen the risk or see that sufficient precautions are taken to protect others from the harm that the risk poses. *Id.* at 503; *See Demelus v. King Motor Co. of Fort Lauderdale,* 24 So. 3d 759, 761 (Fla.

4th DCA 2009) ("To impose a duty, it is not enough that a risk merely exists or that a particular risk is foreseeable; rather, the defendant's conduct must create or control the risk before liability may be imposed."). Because Plaintiff fails to demonstrate that Sky Motel and Vacation Inn created a foreseeable and unreasonable risk of harm to Plaintiff in renting her a room, Plaintiff's negligence claim fails as a matter of law.

### III. Plaintiff Does Not State a Plausible Claim Against Sky Motel or Vacation Inn for an Alleged Violation of the TVPRA, 18. U.S.C. § 1595

#### A. Plaintiff Fails to Plausibly Allege that Sky Motel or Vacation Inn "Participated" in Any "Venture"

In her Response, Plaintiff attempts to stretch the TVPRA far beyond its plain language meaning and clear intent. Plaintiff asserts that a hotel need not actively participate in the sex trafficking to be held liable under the TVPRA [DE 179, p.8]. Plaintiff relies on *M.A.*, in which the court found that a complaint under 18 U.S.C. § 1595(a) against hotel owners and operators withstood a motion to dismiss for failure to state a claim for relief, to support her argument that Plaintiff's Third Amended Complaint contains facts sufficient to establish that Sky Motel and Vacation Inn "participated in a venture" under Section 1595(a). 425 F.Supp.3d 959. [DE 179, p.15]. However, the facts alleged in *M.A.* are distinguishable from the facts alleged by Plaintiff. In *M.A.*, the plaintiff alleged she was "…routinely escorted by her trafficker in view of the front desk after her trafficker paid in cash for the reserved room…" [ECF No. 1 at ¶54] and "…after being beaten or choked at the Defendants' hotel properties, the hotel staff ignored her…" [ECF No. 1 at ¶55]. *Id.* at 961. Unlike in *M.A.*, Plaintiff does not allege that her traffickers had ever been to the property, much less that Sky Motel or Vacation Inn interacted with Plaintiff's trafficker or knew of Plaintiff's trafficking. In fact, Plaintiff claims to have rented the rooms herself, as opposed to her traffickers [DE 164, ¶9].

Even assuming that Plaintiff had alleged the existence of a "venture" that committed sex trafficking crimes in violation of Section 1591 (as required to trigger liability under Section 1595), Plaintiff has not alleged that Sky Motel and Vacation Inn "partipat[ed]" in that venture. In the sex-trafficking context, Section 1595 only gives rise to liability against a defendant who "participat[ed]" in a "venture" that committed sex-trafficking crimes. 18 U.S.C. § 1595. The fundamental problem with Plaintiff's position is that it completely disregards the plain language of the TVPRA, which clearly requires some actual "participation" in a sex trafficking venture. See, e.g., *United States v. Am. Trucking Ass'ns*, 310 U.S. 534, 543 (1940) ("There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes."); *Dept. of Housing and Urban Dev. v. Rucker*, 535 US. 125, 134-35 (2002) ("To avoid a law's plain meaning in the absence of ambiguity 'would trench upon the legislative powers vested in Congress by Art. I, § 1, of the Constitution.'"). Plaintiff's Third Amended Complaint is devoid of any assertions that Sky Motel or Vacation Inn "actually participated" in a sex trafficking venture.

Plaintiff asks this Court to adopt the statutory interpretation of *M.A. v. Wyndham Hotels & Resorts, Inc*, 425 F.Supp.3d 959 (S.D. Ohio Oct. 7, 2019) and *H.H. v. G6 Hospitality, LLC*, No. 2:19-CV-755, 2019 WL 6682152, at *3 (S.D. Ohio Dec. 6, 2019) insofar as they held that the statutory definition of "participation in a venture" as requiring knowledge should not be applied to civil suits. This Court should not accept Plaintiff's invitation to follow non-binding precedent in this regard. The statute specifically defines "participated in a venture" as "knowingly assisting, supporting, or facilitating a violation..." 18 U.S.C. § 1591(e)(4). To abandon this definition in civil cases would be contrary to the clear purposes of Congress in adopting the definition. There is certainly no indication that Congress intended to limit the "knowing" component to criminal cases

alone. As such, this Court should apply the definition of "participation in a venture" (requiring knowledge) as adopted by Congress for the express purpose of governing *civil* litigation to the claims set before it. *See e.g., Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 168-69 (S.D.N.Y. 2019); *U.S. v. Afyare*, 632 F. App'x 272, 286 (6th Cir. 2016) (adopting the definition of "participation in a venture" as requiring knowledge and providing no express language limiting such definition to a criminal context alone).

Here, Plaintiff has not plausibly alleged that Sky Motel or Vacation Inn "participat[ed]" in a venture with Plaintiff's trafficker. *Compare Ricchio v. McLean*, 853, F.3d 553, 555-56 (1st Cir. 2017) (finding that plaintiff had laid out a *plausible* set of facts indicating that the hotel owners and operators *knowingly participated*, to some extent, in a sex trafficking venture because, as alleged, the owner not only witnessed the trafficker's coercive and abusive behavior to a physically deteriorating plaintiff, but also exchanged "high-fives" with the trafficker in the hotel parking lot and spoke about "getting this thing going again."). Because Plaintiff has not alleged any specific action or undertaking by Sky Motel or Vacation Inn as it relates to the alleged sex trafficking venture at issue in this case, the Plaintiff's Third Amended Complaint should be dismissed.

**B. Plaintiff Fails to Plausibly Allege that Sky Motel or Vacation Inn "Knowingly" Benefitted Financially from the Alleged Sex Trafficking**

In Plaintiff's Third Amended Complaint, Plaintiff conclusory alleges that Sky Motel and Vacation Inn financially benefited from the venture. [DE 164, ¶¶60,78]. Not only is Plaintiff not alleging that Sky Motel and Vacation Inn "knowingly" benefitted from participating in the alleged sex trafficking, Plaintiff also failed to allege facts regarding how Sky Motel and Vacation Inn "knowingly benefitted" financially or otherwise from the alleged sex trafficking venture in this case. See 18 U.S.C. § 1595 ("An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving

anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) ....").

Here, Plaintiff relies on the holding in *H.H.* wherein the Southern District of Ohio opined that "the rental of a room [alone] constitutes a financial benefit from a relationship with the trafficker sufficient to meet this element of the §1595(a) standard." 2:19-CV-755, 2019 WL 6682152, at *3 (S.D. Ohio Dec. 6, 2019). The court's opinion improperly removes the knowledge requirement from the "knowingly benefit financially" element of the statute. Under that erroneous interpretation of the TVPRA, a plaintiff need only *receive* money to constitute a "knowing benefit." Congress included the word "knowing" before "benefit"; therefore, it has to mean something because the TVPRA cannot be interpreted to render the word "knowing" void. *See TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (stating that a court should construe a statute so that "no clause, sentence, or word" is rendered "superfluous, void, or insignificant.") (internal quotation marks omitted). Indeed, to follow such an incorrect interpretation of the statute would effectively provide for strict liability for any lawful business that is alleged to have provided goods or services that may have been used by a sex trafficker.

Plaintiff also compares the facts alleged in the Third Amended Complaint to those alleged in the *A.B.* complaint, wherein the plaintiff alleged that her traffickers personally rented rooms for her for weeks at a time and checked plaintiff into the rooms. *A.B. v. Marriott Int'l, Inc.*, CV 19-5770, 2020 WL 1939678, at *1 (E.D. Pa. Apr. 22, 2020). *A.B.* is distinguishable from the subject litigation in that the Plaintiff does not, and cannot, allege that Sky Motel or Vacation Inn or any of Sky Motel's or Vacation Inn's employees, had any knowledge of or interaction with Plaintiff or her alleged trafficker or knew that she was being trafficked, much less how Sky Motel and Vacation Inn knew that any funds it received were in any way connected to the circumstances

alleged. Since Plaintiff does not allege specific facts tying the alleged sex trafficking venture to the "knowing" receipt of a benefit by Sky Motel or Vacation Inn, her TVPRA claim should be dismissed.

### C. Plaintiff Fails to Plausibly Allege that Sky Motel or Vacation Inn Either "Knew or Should Have Known" of an Act in Violation of the TVPRA

Finally, none of Plaintiff's allegations contend that Sky Motel or Vacation Inn knew either that Plaintiff was a minor or that she was subject to force. Plaintiff only alleges that her traffickers "…controlled her through physical and psychological manipulations, and by punishing her with physical violence…" [DE 164, ¶13]. However, without providing any detail as to how Sky Motel and Vacation Inn might know such information, Plaintiff concludes Sky Motel and Vacation Inn "knew or should have known that Plaintiff was being sexually exploited in violation of the TVPRA" [DE 164, ¶¶57,75]. Plaintiff ignores the language of Section 1595(a), which requires factual allegations plausibly suggesting that a defendant knew or should have known that the plaintiff was being forced or coerced to commit commercial sex acts against the plaintiff's will (except where the Plaintiff is a minor). *See* 18 U.S.C. §§ 1591(a), 1595(a).

To support her argument that Sky Motel and Vacation Inn knew or should have known that Plaintiff was trafficked on its premises, Plaintiff argues that the factual allegations in the Third Amended Complaint are similar to those alleged in *A.B.* and should similarly survive a Motion to Dismiss. However, Plaintiff's allegations do not rise to the same level as those alleged in *A.B.* While A.B. alleges that "staff at each of the three hotels saw signs of her visible injury and were aware of frequent 'loud altercations' as well as 'constant' attacks on her by her trafficker loud enough for staff and hotel patrons to hear" [ECF No. 21 at ¶¶91-92, 97-98, 103-104], Plaintiff fails to allege facts even plausibly suggesting that Sky Motel and Vacation Inn knew or should have

known that Plaintiff was allegedly being forced or coerced to commit commercial sex acts against her will. *A.B.*, 2020 WL 1939678, at *2. Therefore, Plaintiff's TVPRA should be dismissed.

WHEREFORE, Sky Motel and Vacation Inn respectfully request that this Honorable Court enter an Order dismissing Plaintiff's Third Amended Complaint in its entirety, and for all other relief this Court deems just and proper.

Date: June 8, 2020
Miami, Florida

## CERTIFICATE OF SERVICE

I certify that on June 8, 2020, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**COLE, SCOTT & KISSANE, P.A.**
Cole, Scott & Kissane Building
9150 South Dadeland Boulevard, Suite 1400
Miami, Florida 33156
Telephone: (305) 350-5300
Facsimile: (305) 373-2274
Attorneys for Rickey Patel, LLC
and Sky Motel, Inc.

/s/Joseph J. Goldberg
Joseph J. Goldberg (FBN: 091107)
Lindsay A. Adler (FBN: 1010168)

## SERVICE LIST

| **C. Richard Newsome, Esq.**<br>**Milette Elise Webber, Esq.**<br>**Robert Frank Melton, II, Esq.**<br>**William Carl Ourand, Jr., Esq.** | **Bruce Michael Trybus, Esq.**<br>Cooney Trybus Kwavnick Peets<br>1600 W Commercial Boulevard, Suite 200<br>Fort Lauderdale, FL 33309 |
|---|---|

CASE NO: 0:20-cv-60683

| | |
|---|---|
| Newsome Law Firm<br>201 South Orange Avenue<br>Suite 1500<br>Orlando, FL 32801<br>Telephone: (407) 648-5977<br>Fax: (407) 648-5282<br>Email: newsome@newsomelaw.com<br>Email: ourand@newsomelaw.com<br>Email: webber@newsomelaw.com<br>*Counsel for Plaintiff* | Telephone: (954) 568-6669<br>Fax: (954) 568-0085<br>Email: btrybus@ctkplaw.com<br>*Counsel for MW Plantation, LP, LLC d/b/a Sawgrass Inn & Conference Center* |
| **J. Trumon Phillips, Esq.**<br>DLA Piper LLP (US)<br>3111 W. Dr. Martin Luther King Jr. Blvd.<br>Suite 300<br>Tampa, FL 33607-6233<br>Telephone: (813) 222-5993<br>Fax: (813) 371-1193<br>Email: trumon.phillips@dlapiper.com<br><br>David S. Sager (*pro hac vice* forthcoming)<br>**DLA PIPER LLP (US)**<br>51 John F. Kennedy Parkway, Suite 120<br>Short Hills, NJ 07078-2704<br>Phone: 973-520-2550<br>Fax: 973-520-2551<br>Email: david.sager@dlapiper.com<br>*Counsel for La Quinta Worldwide, LLC, LQ Management L.L.C., CPLG HOL L.L.C., CPLG Properties, L.L.C., and CPLG FL Properties L.L.C.*<br>*(formerly known as LQ FL Properties L.L.C.)* | |