UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JANE DOE,

    Plaintiff,

v.                                                                                          Case No.: 0:20-cv-60683-WPD-LSS

RICKEY PATEL, LLC d/b/a VACATION INN;
SKY MOTEL, INC.; LQ FL PROPERTIES LLC
n/k/a CPLG FL PROPERTIES LLC d/b/a
LA QUINTA INN located at 7901 SW 6th St,
Plantation, FL; LQ FL PROPERTIES LLC
n/k/a CPLG FL PROPERTIES LLC d/b/a
LA QUINTA INN FORT LAUDERDALE
TAMARAC EAST #4006; MW PLANTATION,
LP d/b/a SAWGRASS INN & CONFERENCE
CENTER,

    Defendants.
_____/

**DEFENDANT CPLG FL PROPERTIES L.L.C.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT**

    Defendant CPLG FL Properties L.L.C. ("CPLG FL"), formerly known as LQ FL Properties L.L.C., by and through undersigned counsel, submits this Reply in support of its Motion to Dismiss (Dkt. 171) Plaintiff's Third Amended Complaint (the "Complaint," Dkt. 164) pursuant to Federal Rule of Civil Procedure 12(b)(6), and in support thereof states as follows:

**I.    INTRODUCTION**

    There is no question that Plaintiff alleges that she was victimized by her criminal trafficker. But Plaintiff does not allege any facts to state a TVPRA claim against CPLG FL. The Complaint does not allege, and Plaintiff does not now argue, that anyone at the two La Quinta®-branded hotels at issue (the "La Quinta Facilities") knew about, had any relationship with, or even rented rooms

to Plaintiff's alleged trafficker, much less any plausible suggestion that CPLG FL participated in a TVPRA "venture" with that alleged criminal. Nor does the Complaint allege that CPLG FL "knowingly" benefited "from" participating in such a venture or that CPLG FL "knew or should have known" that Plaintiff was forced or coerced to commit commercial sex acts against her will. Instead, Plaintiff conflates and confuses the elements of a TVPRA claim to attack the hospitality industry, generally, along with any business that may be used as an instrumentality by a criminal trafficker. Plaintiff's sweeping theory does not state a TVPRA claim.

## II.   ARGUMENT

Section 1595(a) of the TVPRA was amended in 2008 to give a trafficking "victim" a cause of action against "whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) . . . ." 18 U.S.C. § 1595(a). The Complaint does not plausibly satisfy any of these elements.

### A.   The Complaint Does Not Allege A TVPRA "Venture."

There is no allegation that CPLG FL participated in a TVPRA "venture" with Plaintiff's trafficker. Indeed, there is no allegation that CPLG FL knew of, interacted with, or rented any rooms to Plaintiff's alleged trafficker, let alone that CPLG FL shared any common purpose, operated as a continuing unit, or otherwise "associated in fact" with Plaintiff's alleged trafficker. *See* Dkt. 171, at 4-8. Contrary to Plaintiff's attempt to avoid comparison of a TVPRA "venture" to a RICO "enterprise" (Dkt. 180, at 6-7), the TVPRA's definition of "venture" tracks RICO's definition of "enterprise" nearly verbatim, as both require that participants be "associated in fact." *Compare* 18 U.S.C. § 1591(e)(6) (defining "venture" as "any group of two or more individuals associated in fact, whether or not a legal entity" (emphasis added)), *with* 18 U.S.C. § 1961(4)

(defining "enterprise" as "any . . . group of individuals associated in fact although not a legal entity"). To be "associated in fact," the participants must operate as a "continuing unit that functions with a common purpose." *Boyle v. United States*, 556 U.S. 938, 948 (2009). The terms "enterprise" and "venture" are synonyms in "ordinary usage," and both require a common purpose. *Id.* at 944 ("That an '*enterprise*' must have a purpose is apparent from the meaning of the term in ordinary usage, *i.e.*, a '*venture*,' 'undertaking,' or 'project.' The concept of 'association' requires both interpersonal relationships and a common interest." (emphasis added)); *Al-Rayes v. Willingham*, 914 F.3d 1302, 1308 (11th Cir. 2019); *Aim Recycling of Fla., LLC v. Metals USA, Inc.*, 18-CV-60292, 2020 WL 209860, at *15 (S.D. Fla. Jan. 13, 2020). The phrase "associated in fact" in the statutes should be interpreted consistently. *See, e.g.*, *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 233 (2005); *Northcross v. Bd. of Ed. of Memphis City Sch.*, 412 U.S. 427, 428 (1973) ("The similarity of language in [two statutes] is, of course, a strong indication that the two statutes should be interpreted pari passu.").

Plaintiff likewise is mistaken in arguing that the definition of "venture" in Section 1591(e) should not apply to the civil remedy provision in Section 1595. Dkt. 180, at 7. Plaintiff relies on two cases. The first, a Report and Recommendation from the District of Colorado, declined to apply Section 1591's definition of "venture" to other sections of the TVPRA, reasoning that "Congress appears to have confined this definition only to § 1591." *Gilbert v. United States Olympic Comm.*, 18-CV-00981-CMA-MEH, 2019 WL 1058194, at *10 (D. Colo. Mar. 6, 2019), *report and recommendation adopted in part, rejected in part*, 423 F. Supp. 3d 1112 (D. Colo. 2019). The district court specifically rejected this part of the magistrate judge's recommendation and expressly relied on the definition of "venture" currently codified at 18 U.S.C. § 1591(e)(6), the same definition CPLG FL cites in its motion. *See Gilbert v. United States Olympic Comm.*,

3

423 F. Supp. 3d 1112, 1137 (D. Colo. 2019). In the other case Plaintiff cites, *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959 (S.D. Ohio), the court declined to apply the definition of the phrase "participation in a venture" from Section 1591(e)(4) to the TVPRA's use of the same phrase in Section 1595(a), reasoning that "applying the definition of 'participation in a venture' provided for in § 1591(e) to the requirements under § 1595 would void the 'known or should have known' language of § 1595." *Id.* at 969. Importantly, however, CPLG FL does not rely on Section 1591(e)(4)'s definition of the phrase "participation in a venture." Rather, CPLG FL relies on Section 1591(e)(6)'s definition of "venture," and there is no suggestion that applying that definition to civil TVPRA claims would void any language in Section 1595(a). In fact, courts consistently rely on that definition when construing civil claims brought under the TVPRA. *See, e.g., Ricchio v. McLean*, 853 F.3d 553, 555-56 (1st Cir. 2017); *Bistline v. Parker*, 918 F.3d 849, 873 (10th Cir. 2019); *Jean-Charles v. Perlitz,* 937 F. Supp. 2d 276, 288 n.11 (D. Conn. 2013); *Gilbert*, 423 F. Supp. 3d at 1137.

Plaintiff also tries to read the "participation" requirement completely out of Section 1595(a). In doing so, Plaintiff criticizes CPLG FL's citation to *United States v. Afyare*, 632 F. App'x 272 (6th Cir. 2016), in which the court of appeals found that the statute's use of the term "participation" requires proof that the defendant committed "overt acts" in furtherance of the venture that committed trafficking crimes, noting that nonfeasance (i.e., "mere negative acquiescence" or the failure to prevent trafficking) is not sufficient. *Id.* at 286. Plaintiff attempts to distinguish *Afyare* because it arose in the context of a criminal claim, again ignoring the similarities between Section 1591(a)(2) and Section 1595(a). *See Geiss v. Weinstein Co. Holdings LLC,* 383 F. Supp. 3d 156, 169 n.5 (S.D.N.Y. 2019) ("Apart from the constructive knowledge provision, the operative language of the TVPA civil remedy and the underlying criminal statute

4

are identical."). Both provisions require "participation" in a "venture" that commits sex trafficking crimes. *Compare* 18 U.S.C. § 1591(a)(2) ("Whoever knowingly . . . benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act in described in violation of paragraph (1)."), *with* 18 U.S.C. § 1595(a) ("[W]hoever knowingly benefits, financially or by receiving anything of value from participation in a venture [that] . . . has engaged in an act in violation of this chapter"—e.g., Section 1591(a)(1)). Moreover, the court of appeals did not rely on the definition of "participation in a venture" from 18 U.S.C. § 1591(e)(4). It could not have. *Afyare* was decided *before* Congress amended 18 U.S.C. § 1591(e) to add the definition of the phrase "participation in a venture." *See* Pub. L. No. 115-164, § 5, 132 Stat. 1253, 1255 (2018).[1] The court of appeals construed the term "participation" in accordance with its plain meaning, and that same meaning applies to civil claims under Section 1595(a). *See* BLACK'S LAW DICTIONARY 1294 (10th ed. 2014) (defining "participation" as "[t]he act of taking part in something, such as a partnership, a crime . . . ."). Several courts have relied on the *Afyare* decision in construing civil claims under Section 1595(a). *See, e.g.*, *Noble v. Weinstein*, 335 F. Supp. 3d 504, 524 (S.D.N.Y. 2018); *Ratha v. Phatthana Seafood Co., Ltd.,* CV 16-4271-JFW (ASX), 2017 WL 8293174, at *4 (C.D. Cal. Dec. 21, 2017).

Finally, Plaintiff compares the allegations against CPLG FL to those deemed sufficient in *M.A.* In *M.A.*, the court applied the pre-*Twombly* dismissal standard, stating that it could not dismiss a complaint "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *M.A.*, 425 F. Supp. 3d at 962 (quoting *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)). In addition, the court relied on conclusory

---

[1] In contrast, the TVPRA's definition of "venture" has been in place since the enactment of the Trafficking Victims Protection Act of 2000. *See* Pub. L. No. 106-386, Div. A, § 112(a)(2) (2000).

and "shotgun" allegations made against groups of defendants (a practice consistently admonished in this Circuit and elsewhere),[2] thereby allowing claims to proceed against hotel defendants without alleging facts sufficient to state a claim against particular defendants.  The *M.A.* court also did not give consideration to the "associated in fact" requirement of a TVPRA "venture."

Even so, Plaintiff's comparison to *M.A.* lacks merit. Plaintiff does not allege, as she must under *M.A.*, "a continuous business relationship between the trafficker and the hotels such that it would appear that the trafficker and the hotels have established a pattern of conduct or could be said to have a tacit agreement" with the trafficker. *M.A.*, 425 F. Supp. 3d at 970.  The Complaint does not allege any relationship between the trafficker and the La Quinta Facilities.  In fact, there is no allegation that the alleged trafficker even rented any rooms there.  *See, e.g.*, *Ray v. Spirit Airlines, Inc.*, 836 F.3d 1340, 1352 (11th Cir. 2016) (recognizing that even a commercial relationship does not establish that persons shared any "common purpose" or otherwise associated in fact); *Weir v. Cenlar FSB*, 16-CV-8650 (CS), 2018 WL 3443173, at *6 (S.D.N.Y. July 17, 2018) (holding that "being an 'instrumentality' does not thereby mean one shares a common purpose"); *Rosner v. Bank of China*, 528 F. Supp. 2d 419, 428-29 (S.D.N.Y. 2007).

### B. The Complaint Does Not Allege That CPLG FL "Knowingly" Benefited "From" Participating In A TVPRA "Venture."

Plaintiff argues that CPLG FL benefited from Plaintiff's alleged trafficking because Plaintiff rented rooms at the La Quinta Facilities.  Plaintiff's premise is wrong.  The TVPRA and its use of the words "knowingly" and "from" require "a causal relationship between affirmative

---

[2] *See, e.g.*, *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1320 (11th Cir. 2015) (recognizing that "shotgun" pleadings are "flatly forbidden" by Rule 8(a)(2)); *Joseph v. Bernstein*, 612 F. App'x 551, 555 (11th Cir. 2015) ("[T]he complaint failed to satisfy the requirements of Rule 8 of the Federal Rules of Civil Procedure because it indiscriminately grouped all Defendants without explaining the factual basis for each of the Defendants' liability.").

6

conduct furthering the sex-trafficking venture and receipt of a benefit," with knowledge of that causal relationship. *Geiss*, 383 F. Supp. 3d at 169; 18 U.S.C. § 1595(a) (". . . knowingly benefits . . . from participation in a venture [that] . . . has engaged in an act in violation of this chapter . . . ."). Plaintiff's argument ignores, and is contrary to, the text of the TVPRA. *See Kolbek v. Twenty First Cent. Holiness Tabernacle Church, Inc.*, No. 10 Civ. 4124, 2013 WL 6816174, at *16 (W.D. Ark. Dec. 24, 2013) ("The fact that sexual abuse was committed by the ministry's leader and that members of the ministry had their expenses paid for through ministry funds is simply not sufficient . . . .").

        **C.**       **The Complaint Does Not Plausibly Allege That CPLG FL Knew Or Should Have Known That Plaintiff Was Being Trafficked.**

A Section 1595(a) claim requires well-pled factual allegations that the defendant "knew or should have known" that the venture in which the defendant participated was forcing or coercing the plaintiff to commit commercial sex acts against the plaintiff's will. 18 U.S.C. §§ 1591(a), 1591(e)(2)-(3), 1595(a). Plaintiff argues that CPLG FL had the requisite scienter under Section 1595(a) because the staff members she befriended at one of the La Quinta Facilities "were aware of the trafficking." *See* Dkt. 180, at 18. That is not what the Complaint alleges. The Complaint lists alleged indicia of commercial sex activity,[3] followed by the vague allegation that the hotel staff she befriended "knew what was happening." Dkt. 164, at ¶ 85. There is no allegation that anyone at the La Quinta Facilities witnessed Plaintiff's abuse; rather the Complaint alleges (and the response acknowledges) that Plaintiff took measures to conceal her commercial sex activity and "avoid detection" at the La Quinta Facilities. *See* Dkt. 180, at 20. At most, the Complaint

---

[3] It is worth noting, however, that much of the alleged indicia of commercial sex activity has nothing to do with sex trafficking, such as Plaintiff's alleged accumulation of "rewards points" for staying at La Quinta®-branded hotels and the alleged trafficker's height (6'4") and alias ("Dread").

alleges that hotel staff *could have* witnessed the alleged trafficker provide Plaintiff illicit drugs through video surveillance. *See* Dkt. 164, at ¶¶ 85, 94.

Plaintiff's claim under Section 1595(a), however, requires well-pled factual allegations that the defendant knew or should have known that commercial sex activity was *forced* or *coerced*.[4] *See, e.g.*, *Doe 1 v. Red Roof Inns, Inc.*, 1:19-CV-03840-WMR, 2020 WL 1872335, at *3 (N.D. Ga. Apr. 13, 2020) ("[T]he statute targets commercial sex activity that is forced or coerced; it does not address commercial sex activity generally."); *Lawson v. Rubin*, 17-CV-6404 (BMC), 2018 WL 2012869, at *14 (E.D.N.Y. Apr. 29, 2018) (dismissing TVPRA claim against owner of condominium complex, reasoning that two incidents involving first responders did not give rise to a reasonable inference that owner knew or should have known about commission of trafficking crimes by lessee of condo unit); *compare, e.g.*, *Ricchio*, 853 F.3d at 555 (overturning dismissal of TVPRA claim against hotel operators, the Patels, where the trafficker's "coercive and abusive treatment" of the plaintiff "as a sex slave had become apparent to the Patels"); *M.A.*, 425 F. Supp. 3d at 962 (alleging that hotel staff ignored pleas for help after the plaintiff was "beaten or choked"); *A.B. v. Marriott Int'l, Inc.*, CV 19-5770, 2020 WL 1939678, at *2 (E.D. Pa. Apr. 22, 2020) (alleging that hotel staff members saw the plaintiff's "visible injury" and were aware of "loud altercations" and "attacks" on the plaintiff by the alleged trafficker). Plaintiff does not allege that

---

[4] Even assuming *arguendo* that staff at the La Quinta Facilities knew or should have known that Plaintiff's alleged trafficker was providing her illicit drugs to cause her to engage in commercial sex activity, that would still be insufficient because it does not rise to the level of force or coercion, as required under the TVPRA. *See* 18 U.S.C. § 1591(a) (". . . means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act . . . ."); 18 U.S.C. § 1591(e)(2) ("The term 'coercion' means—(A) threats of serious harm to or physical restraint against any person; (B) any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restrain against any person; or (C) the abuse or threatened abuse of law or the legal process.").

CPLG FL or anyone at the La Quinta Facilities knew or should have known that Plaintiff was engaging in forced or coerced commercial sex activity against her will.[5]

### III.  CONCLUSION

For the foregoing reasons and those set forth in CPLG FL's motion, CPLG FL respectfully requests that the Court grant CPLG FL's motion and dismiss the Complaint with prejudice as to CPLG FL.  Dismissal with prejudice is appropriate because Plaintiff is now on the fourth version of her Complaint and has had ample opportunity to refine the allegations.  Plaintiff's theory of relief is simply incompatible with the TVPRA, making any further amendments futile.

Dated:  June 8, 2020                                              Respectfully submitted

s/ J. Trumon Phillips
J. Trumon Phillips
Florida Bar No. 84568
**DLA PIPER LLP (US)**
3111 W. Dr. Martin Luther King Jr. Blvd.
Suite 300
Tampa, Florida 33607-6233
Phone:  813-229-2111
Fax:  813-229-1447
Email:  trumon.phillips@dlapiper.com
             sheila.hall@dlapiper.com

---

[5] Insofar as Plaintiff relies on industry knowledge about the occurrence of commercial sex activity at hotels generally, such allegations are insufficient under the TVPRA.  *See, e.g.*, *Doe 1*, 2020 WL 1872335, at *3 (striking allegations from complaint concerning general knowledge about sex trafficking in the hotel industry and allegations of commercial sex activity at hotels not at issue); *Ratha,* 2017 WL 8293174, at *4 ("Plaintiffs argue that Rubicon and Wales knew or should have known that Phatthana allegedly engaged in [trafficking] based on general reports about human trafficking in Thailand and letters by advocacy groups . . . criticizing the working conditions at Phatthana's Songkhla factory. . . . Plaintiffs have failed to demonstrate that Rubicon or Wales knew or should have known that human trafficking existed at Phatthana's Songkhla factory.").

<div style="text-align: right">

David S. Sager (*pro hac vice* forthcoming)
**DLA PIPER LLP (US)**
51 John F. Kennedy Parkway - Suite 120
Short Hills, NJ  07078-2704
Phone:  973-520-2550
Fax:  973-520-2551
Email: david.sager@dlapiper.com

*Attorneys for Defendant*
*CPLG FL Properties L.L.C.*
*(f/k/a LQ FL Properties L.L.C.)*

</div>

## CERTIFICATE OF SERVICE

     I hereby certify that on June 8, 2020, a true and correct copy of the foregoing was furnished by CM/ECF to all counsel of record as listed below.

<div style="margin-left: 50%">

s/ J. Trumon Phillips
Attorney

</div>

**SERVICE LIST**

C. Richard Newsome
R. Frank Melton
Maegen Peek Luka
Milette E. Webber
Michele L. Reed
Newsome Melton, P.A.
201 South Orange Avenue, Suite 1500
Orlando, FL 32801
Phone: 407-648-5977
Fax:  407-648-5282
Email: newsome@newsomelaw.com
melton@newsomelaw.com
webber@newsomelaw.com
reed@newsomelaw.com
luka@newsomelaw.com
swinehart@newsomelaw.com
oneill@newsomelaw.com
*Attorneys for Plaintiff Jane Doe*

David S. Harrigan
Therese A. Savona
Christopher J. Wyszynski
Cole, Scott & Kissane, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, FL 32810
Phone:  321-972-0014
Fax:  321-972-0099
Email: david.harrigan@csklegal.com
therese.savona@csklegal.com
christopher.wyszynski@csklegal.com
myrna.liggett@csklegal.com
-and-
Joseph J. Goldberg
Lindsay A. Adler
Cole, Scott & Kissane, P.A.
Dadeland Center, Suite 1400
9150 South Dadeland Boulevard
Miami, FL 33156
Phone:  786-268-6756
Fax:  305-373-2294
Email: joe.goldberg@csklegal.com
lindsay.adler@csklegal.com
*Attorneys for Defendants
Rickey Patel, LLC d/b/a Vacation Inn
and Sky Motel, Inc.*

Bruce Trybus
Cooney Trybus Kwavnick Peets
1600 W. Commercial Blvd., Suite 200
Fort Lauderdale, FL  33309
Phone:  954-568-6669
Fax:  954-568-0085
Email:  btrybus@ctkplaw.com
  reception@ctkplaw.com
  yhall@ctkplaw.com
  tzerof@ctkplaw.com
*Attorneys for Defendant*
*MW Plantation, LP d/b/a Sawgrass Inn & Conference Center*