IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 0:20-60683-WPD-CIV-DIMITROULEAS

JANE DOE,

    Plaintiff,

vs.

RICKEY PATEL, LLC d/b/a VACATION INN,
SKY MOTEL, INC., G6 HOSPITALITY, LLC d/b/a
STUDIO 6, CPLG HOL, LLC,  LQ FL
PROPERTIES LLC n/k/a CPLG FL PROPERTIES
LLC d/b/a LA QUINTA INN & SUITES FORT
LAUDERDALE TAMARAC EAST #4006; and
MW PLANTATION, LP d/b/a SAWGRASS INN &
CONFERENCE CENTER,

    Defendants.

_____/

**DEFENDANT MW PLANTATION, LP d/b/a SAWGRASS INN & CONFERENCE
CENTER'S REPLY TO PLAINTIFF'S RESPONSE TO AMENDED MOTION TO
DISMISS COUNTS VII AND VIII OF PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant, MW Plantation, LP d/b/a Sawgrass Inn & Conference Center ("Sawgrass Inn"), hereby replies to Plaintiff's response to our Amended Motion to Dismiss Counts VII and VIII of Plaintiff's Third Amended Complaint [DE 181] as follows:

**Legal Argument**

    a. **Plaintiff fails to state a cause of action for negligence, as she incorporates by reference alleged duties that Sawgrass Inn never agreed to.**

Sawgrass Inn rests on the arguments it advanced in its Amended Motion to Dismiss.

### b. Plaintiff Fails to State a Cause of Action Under the TVRPA

#### i. *Plaintiff fails to plausible allege that Sawgrass Inn participated in a Sex-Trafficking Venture.*

Plaintiff claims that she cannot formulate a response to Sawgrass Inn's argument because we offered "no discussion or legal argument, only citation to two cases and a statute." [DE 181 at 4].

Plaintiff overlooks Sawgrass Inn's argument that Plaintiff's allegations against it fail to allege that it had any interaction whatsoever with Plaintiff's traffickers and thus the allegations as pled did not amount to participation in a sex-trafficking venture. [DE 173 at 4].[1] The brevity of Sawgrass Inn's argument is tied to Plaintiff's lack of allegations in her Third Amended Complaint related to this element. It is this pleading failure that supports the dismissal of Count VIII.

Plaintiff also writes that Sawgrass Inn is improperly trying to "graft the definition of 'venture' from the criminal provision of §1591(e)(6)" into §1595. [DE 173 at 4]. Notably, Plaintiff offers no other definition of "venture," instead just arguing that the only definition of "venture" found in the entire chapter is inapplicable.

To support this argument, Plaintiff relies in part on Gilbert v. United States Olympic Comm., 18-CV-00981-CMA-MEH, 2019 WL 1058194, at *10 (D. Colo. Mar. 6, 2019), to argue that other district courts have refused to apply the definition of "venture" found in §1591(e)(6) to the word "venture" in §1595. However, Gilbert primarily concerned §1589, which is unrelated to sex trafficking, a distinction the district court noted. See id. at *10 ("Here, Plaintiffs' claims are brought under §1589, which does not prohibit sex trafficking."). Moreover, at least one appellate court has applied the definition of "venture" in §1591(e)(6) to §1589, as noted by the district court in Gilbert (when it adopted in part and rejected in part the magistrate judge's findings). See Gilbert v. United

States Olympic Comm., 423 F. Supp. 3d 1112, 1138 (D. Colo. 2019) ("'While the term "venture" has not been defined in the context of § 1589(b), the First Circuit recently persuasively applied the definition from another TVPRA subsection to the forced labor context. In § 1591(e)(6), "venture" is defined as "any group of two or more individuals associated in fact, whether or not a legal entity."'" (quoting Bistline v. Parker, 918 F.3d 849, 873 (10th Cir. 2019)). That conclusion should extend to the word "venture" as used in §1595.

Plaintiff also relies heavily on M.A. v. Wyndham Hotels & Resorts, Inc., 425 F. Supp. 3d 959 (S.D. Ohio 2019).  That case is distinguishable.  There, the plaintiff alleged the defendant-hotels were complicit in the sex trafficking venture because the traffickers themselves were the ones who interacted with the defendant-hotels' staff, in that the traffickers (with the plaintiff in tow) would pay for the hotel rooms in cash.  Id. at 967.  No such allegations exist here.  Instead, Plaintiff alleges that she – not her traffickers – was the one who interacted with Sawgrass Inn's staff when renting.  [DE 164 at 24].  In short, Sawgrass Inn cannot have participated in a sex-trafficking venture with Plaintiff's traffickers when it never interacted with them.

### ii. *Plaintiff fails to plausibly allege that Sawgrass Inn knowingly benefited from the sex-trafficking venture.*

Like above, Plaintiff claims that we offered "no argument" as to why Sawgrass Inn did not "knowingly benefit" from the sex-trafficking venture. [DE 181 at 6].  At the same time, though, she acknowledges that we did argue that "[m]erely receiving money for the rental of a hotel room is insufficient to demonstrate that Sawgrass Inn 'knowingly benefitted' from the sex-trafficking venture." [DE 181 at 6; DE 173 at at 5].  Sawgrass Inn limited its argument to that point because it is the only allegation Plaintiff makes as to this element:

---

[1] For example, unlike Plaintiff's allegations against co-defendant Sky Motel, there are no allegations

> 112. Sawgrass Inn financially benefited from the venture. In exchange for providing a location for Plaintiff's continued sexual exploitation, Sawgrass Inn received cash for every night Plaintiff was exploited in her rented room. Sawgrass Inn continued renting the room despite the red flags that called attention to human trafficking.

[DE 164 at 24-25]. Plaintiff fails to address the case cited by Sawgrass Inn in support of this proposition.

As for the case law cited in Plaintiff's responses, Sawgrass Inn recognizes that there is an apparent conflict among district courts as to what constitutes "knowingly benefit[ted]." See Geiss v. Weinstein Co. Holdings LLC, 383 F. Supp. 3d 156, 169 (S.D.N.Y. 2019); cf. A.B. v. Marriott Int'l, Inc., 2020 WL 1939678 (E.D. Pa. Apr. 22, 2020); M.A. v. Wyndham Hotels & Resorts, Inc., 425 F. Supp. 3d 959 (S.D. Ohio 2019). Sawgrass Inn submits that the term "knowingly benefit" requires something above and beyond receiving money for a hotel room (especially in the absence of allegations that Sawgrass Inn received more money for these rooms because of the sex trafficking). See Kolbek v. Twenty First Century Holiness Tabernacle Church, Inc., 2013 WL 6816174 (W.D. Ark. Dec. 24, 2013).

WHEREFORE, the Defendant, MW Plantation, LP d/b/a Sawgrass Inn & Conference Center, respectfully requests that this Court dismiss Plaintiff's Third Amended Complaint.

*(certificate of service on next page)*

---

that anyone at Sawgrass Inn had sex with Plaintiff. [DE 164 at 11].

## **CERTIFICATE OF SERVICE**

We certify that on June 12, 2020, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following to all parties.

                                      COONEY TRYBUS KWAVNICK PEETS
                                      Attorneys for Defendant MW Plantation, LP d/b/a Sawgrass Inn & Conference Center
                                      1600 West Commercial Boulevard, Suite 200
                                      Fort Lauderdale, FL 33309
                                      Telephone:  (954) 568-6669
                                      Fax:  (954) 568-0085
                                      Primary E-Mail:  reception@ctkplaw.com
                                      Secondary E-Mail:  yhall@ctkplaw.com

                                            */s/ Bruce Trybus*

By: _____
           BRUCE TRYBUS
           Florida Bar No. 972983

~~E-Service List~~

**Attorneys for Plaintiff Jane Doe**

C. Richard Newsome
Maegan Peek Luka
*R. Frank Melton*
Milette Elise Webber
William Carl Ourand, Jr.
Newsome Melton
201 South Orange Avenue
Suite 1500
Orlando, FL 32801
Phone: 407-648-5977
Fax: 407-648-5282
Email:  newsome@newsomelaw.com
              *melton@newsomelaw.com*
              webber@newsomelaw.com
              luka@newsomelaw.com
              swinehart@newsomelaw.com
              oneill@newsomelaw.om
              ourand@newsomelaw.com
              pena@newsomelaw.com
              mwebberpa@gmail.com


**Attorneys for Defendants**
**Rickey Patel, LLC d/b/a Vacation Inn**
**and Sky Motel, Inc.**

Joseph J. Goldberg
Lindsay A. Adler
*David S. Harrigan*
Therese A. Savona
*Christopher J. Wyszynski*
Cole, Scott & Kissane, P.A.
Tower Place, Suite 400
1900 Summit Tower Boulevard
Orlando, FL 32810
Phone: 321-972-0014
Fax: 321-972-0099
Email:  Joe.Goldberg@csklegal.com
              Lindsay.Adler@csklegal.com
              *David.Harrigan@csklegaLcom*
              Therese.savona@gmail.com
              Therese.savona@csklegal.com
              *Christopher.Wyszynski@csklegal.com*

*Myrna.Liggett@csklegal.com*

**Attorney for Defendants**
**LQ Management, L.L.C.; CPLG HOL L.L.C.; CPLG PROPERTIES L.L.; LQ FL Properties, L.L.C.; and LaQuinta Worldwide, LLC**

J.Trumon Phillips
Frederik H.L. McClure
DLA Piper LLP (US)
3222 W. Dr. Martin Luther King Jr. Blvd.
Suite 300
Tampa, FL 33607-33607-6233
Phone: (813) 229-2111
Fax: (813) 2291447
Email: trumon.phillips@dlapiper.com
        Frederick.mcclure@dlapiper.com
        Sheila.hall@dlapiper.com
-and

*David Sager (pro hac vice forthcoming)*
*DLA Piper LLP (US)*
*51 John F. Kennedy Parkway*
*Suite 210*
*Shorthills, NJ 07078-2704*
*Phone: (973) 520-2250*
*Fax: (973) 520-2551*
*Email: David.sager@dlapiper.com*