## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-60683-WPD-CIV-DIMITROULEAS

JANE DOE,

      Plaintiff,

vs.

RICKEY PATEL, LLC d/b/a VACATION INN,
SKY MOTEL, INC., , CPLG HOL, LLC, LQ FL
PROPERTIES LLC n/k/a CPLG FL PROPERTIES
LLC d/b/a LA QUINTA INN & SUITES FORT
LAUDERDALE TAMARAC EAST #4006; LQ FL
PROPERTIES LLC d/b/a LA QUINTA INN located
at 7901 SW 6th Street PLANTATION, FL; and MW
PLANTATION, LP d/b/a SAWGRASS INN &
CONFERENCE CENTER,

      Defendants.

_____/

## ORDER ON MOTIONS TO DISMISS

THIS MATTER comes before the Court upon Defendant Sky Motel Inc.'s Motion to Dismiss

[DE 169], Defendant Rickey Patel's Motion to Dismiss [DE 170], Defendant CPLG FL

Properties LLC's Motion to Dismiss [DE 171], and Defendant MW Plantation LP's Motion to

Dismiss [DE 172, 173]. The Court has carefully considered the Motions, Plaintiff's Responses

[DE 179, 180, 181], and Defendants' Replies [DE 182, 183, 184] thereto, and is otherwise fully

advised in the premises. For the reasons stated herein the Court denies Defendants' motions to

dismiss.

### I.    BACKGROUND

Plaintiff is a survivor of sex trafficking and alleges that she was trafficked for sex as a minor

in Broward County, Florida. Third Amended Complaint, [DE 164], ¶ 1 [hereinafter "TAC"].

Plaintiff alleges that she is a sex trafficking survivor within the meaning of 18 U.S.C. § 1591 and that she is entitled to recovery from the defendant hotel owners under the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595 ("TVPRA") and Florida negligence law. TAC ¶ 2.

According to Plaintiff, she was trafficked for sex from late 2012 to mid-2017, starting when she was 17-years-old. TAC ¶ 7. During this time, she was forced to perform sexual acts in exchange for a fee and repeatedly raped, physically and verbally abused, exploited, tormented, kidnapped, and imprisoned at Defendants' hotels and motels. TAC ¶¶ 7-8. Under the force and direction of her traffickers, Plaintiff would place ads on the internet with money provided by her traffickers. TAC ¶ 9. She would then rent rooms with cash or, if the hotel did not accept cash, a pre-paid credit card from Amscot at hotels and motels owned by the Defendants. TAC ¶ 9.

Plaintiff contends that "[i]t is well known that hotels are highly favored by sex traffickers because they provide privacy and anonymity for the purchasers of sex to meet the child/young woman being exploited." TAC ¶ 14. In 2004, the organization End Child Prostitution and Trafficking established a voluntary code of conduct (the "Hotel Code of Conduct") that established a framework for companies to help prevent child trafficking through training, education, and collaboration with other stakeholders. TAC ¶¶ 15-17. The Hotel Code of Conduct included a checklist to help identify a number of red flags of human trafficking. TAC ¶ 19. Plaintiff identifies the following red flags of human trafficking in her complaint:

a. Paying for rooms with cash or pre-paid credit cards;
b. A guest lingering just outside the room for long periods of time (i.e., the trafficker waiting outside as the johns are inside the room abusing victims like Plaintiff);
c. Multiple guests coming and going from the hotel or motel—particularly a large stream of adult males—without ever checking into a room;
d. Excessive foot traffic going in or out of a particular room or area of the hotel or motel;

      e.   Staying for multiple days with few possessions;

      f.   Requesting a room overlooking the parking lot;

      g.   Frequently requesting new linens, towels, and refusing housekeeping services;

      h.   Guests frequently entering and emerging from rooms with no luggage or identification.

TAC ¶ 21.

Plaintiff sues Rickey Patel, LLC d/b/a Vacation Inn ("Vacation Inn"), Sky Motel, Inc. ("Sky Motel"), CPLG FL Properties LLC d/b/a La Quinta Inn located at 7901 SW 6th St., Plantation, FL and La Quinta Fort Lauderdale Tamarac East #4006 (collectively "CPLG FL"), and MW Plantation, LP d/b/a Sawgrass Inn & Conference Center ("Sawgrass Inn") (collectively "Defendants"). Plaintiff alleges that each defendant was aware of the Hotel Code of Conduct and the steps they could take to identify and prevent sex trafficking but did not follow those steps or sign the Hotel Code of Conduct. TAC ¶¶ 31, 35, 39, 43. Plaintiff brings claims for negligence (Count I) and a violation of the TVPRA of 2008 (Count II) against Sky Motel. TAC ¶¶ 44-61. Plaintiff brings claims for negligence (Count III) and a violation of the TVPRA of 2008 (Count IV) against Vacation Inn. TAC ¶¶ 62-79. Plaintiff brings claims for violations of the TVPRA of 2008 against the two CPLG FL defendants, La Quinta located at 7901 SW 6th Plantation (Count V) and La Quinta Tarmac (Count VI). TAC ¶¶80-97. Plaintiff brings claims for negligence (Count VII) and a violation of the TVPRA of 2008 (Count VIII) against Sawgrass Inn. TAC ¶¶ 98-113.

Each defendant moves to dismiss all counts against them alleged in the Third Amended Complaint for failure to state a claim. *See* [DE 169, 170, 171, 172, 173].

## II.   <u>MOTION TO DISMISS STANDARD</u>

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

## III.    APPLICABLE LAW

Defendants Sky Motel, Vacation Inn, CPLG FL, and Sawgrass Inn move to dismiss each of the claims against them on relatively similar grounds. As Plaintiff brings negligence claims against Sky Motel, Vacation Inn, and Sawgrass Inn and a TVPRA claim against Sky Motel, Vacation Inn, CPLG FL, and Sawgrass Inn, the Court will first outline the elements of each claim and the applicable law and then evaluate the sufficiency of Plaintiff's pleading as to each defendant.

### A.  *Negligence*

To state a claim for negligence Plaintiff's allegations must support the following elements: 1) the existence of a legal duty; 2) a breach; 3) causation; and 4) damages. *See Abad v. G4S Secure Sols. (USA), Inc*., 293 So. 3d 26, 29 (Fla. 4th DCA 2020). "A motel operator is under a continuing legal duty to its patrons to use ordinary care to keep the premises in a reasonably safe

condition and protect them from harm due to reasonably foreseeable risks of injury. *Hardy v. Pier 99 Motor Inn*, 664 So. 2d 1095, 1097 (Fla. 1st DCA. 1995) (citing *Paterson v. Deeb,* 472 So.2d 1210 (Fla. 1st DCA 1985), *rev. denied,* 484 So.2d 8 (Fla.1986)). The motel operator has a duty to protect an invitee against the criminal conduct of a third-party that would take place on its premises when the injurious conduct is reasonably foreseeable. *Id., see also Ameijeiras v. Metro. Dade Cty.*, 534 So. 2d 812, 813 (Fla. 3rd DCA 1988) (holding that "[a] landowner has a duty to protect an invitee on his premises from a criminal attack that is reasonably foreseeable."). "The question of foreseeability in a negligence action is generally a question for the trier of fact." *Hardy*, 664 So. 2d at 1097(citing *Orlando Executive Park, Inc. v. Robbins,* 433 So.2d 491 (Fla.1983)).

### B. *Trafficking Victims Protection Reauthorization Act*

The Trafficking Victims Protections Reauthorization Act ("TVPRA") provides a civil remedy for victims of a violation of the act. Section 1595 of the TVPRA provides that "[a]n individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever knowingly benefits, financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." 18 U.S.C. § 1595.[1]

In general Defendants argue for an interpretation of § 1595 which aligns with interpretations of § 1591, the criminal component of the TVPRA. Plaintiff, on the other hand

---

[1] While, as discussed below, the § 1595 of the TVPRA states a known or should have known, negligence standard for imposing civil liability, the Court does not address at this time whether Plaintiff has sufficiently alleged "willful blindness" or knowledge in the present case.

argues that Congress intended for the TVPRA to expand civil liability to those who would be covered by the TVPRA's criminal liability and others.

To state a claim under the TVPRA § 1595(a), a plaintiff must allege facts which permit the Court to plausibly infer that the defendant, "(1) "knowingly benefit[ted] financially or by receiving anything of value"; (2) from participation in a venture; (3) it "knew or should have known has engaged in" sex trafficking under section 1591." *A.B. v. Marriott Int'l, Inc.*, No. CV 19-5770, 2020 WL 1939678, at *7 (E.D. Pa. Apr. 22, 2020); *see also S.Y. v. Naples Hotel Co.*, No. 220CV118FTM29MRM, 2020 WL 4504976, at *2 (M.D. Fla. Aug. 5, 2020). Defendants each challenge Plaintiff's allegations to two or more of these elements. The Court here will outline the law that applies to each component and the standard for what Plaintiff must allege at the pleading stage. As a preliminary matter, the Court notes there appears to be at least some disagreement between district courts as to the requirements of pleading each of these elements. *See e.g. S.Y. v. Naples Hotel Co.*, No. 220CV118FTM29MRM, 2020 WL 4504976, at *2 (M.D. Fla. Aug. 5, 2020) (noting a number of cases which have reached different holdings as to the requirements for pleading "participation in a venture"); *A.B. v. Marriott Int'l, Inc.*, No. CV 19-5770, 2020 WL 1939678, at *9 (E.D. Pa. Apr. 22, 2020).

i.   *Participation in a Venture*

Defendants argue that participation in a venture should require an "association in fact" between Defendants and Plaintiff's trafficker and an "overt act" of participation in the venture. Defendants argue that the Court should use the definitions provided for in § 1591 of the TVPRA of a "venture" and "participation in a venture" and rely upon cases interpreting these definitions. Section §1591(e) defines a "venture" as "any group of two or more individuals associated in fact" and "participation in a venture" as "knowingly assisting, supporting, or facilitating a

violation of subsection [1591] (a)(1)." *See* 18 U.S.C. § 1591(e)(4), (6). Defendants argue that this definition of participation in a venture should not be abandoned in civil cases and that such abandonment would be "contrary to the clear purposes of Congress in adopting the definition."

In Response, Plaintiff argues that the definition of "participation in a venture" in the criminal component, § 1591, should not be extended to the civil component, § 1595, of the TVPRA. Plaintiff argues that the liability imposed by § 1595 was intended by Congress to be broader than that imposed by § 1591 and as such § 1595 does not require an association in fact or overt act. Plaintiff asks this Court to adopt the statutory interpretation adopted by Judge Marbley in *M.A. v. Wyndham Hotels & Resorts, Inc,* 425 F.Supp.3d 959 (S.D. Ohio Dec. 6, 2019) and *H.H. v. G6 Hospitality, LLC*, No. 2:19-CV-755, 2019 WL 6682152, at *3 (S.D. Ohio Dec. 6, 2019) and Judge Kearney in *A.B. v. Marriott Int'l, Inc.*, No. CV 19-5770, 2020 WL 1939678, at *10 (E.D. Pa. Apr. 22, 2020). Plaintiff contends that requiring a over act would be the equivalent of imposing a knowing standard of the civil liability provision of § 1595 which expressly states a "knew or should have known" standard.

The CPLG FL Defendants argue that the Court should look to the RICO statute and interpretations thereof to define participation in a venture for purpose of the TVPRA. In so arguing, Defendant cites to a case from the Northern District of Georgia, *Plaintiff A v. Schair*, which was brought under the Trafficking Victims Protection Act of 2003. *See* 2:11-cv-00145-WCO, 2014 WL 12495639, at *1–2 (N.D. Ga. Sept. 9, 2014). The Court in *Schair* said that "[t]he TVPA's civil remedy operates in the same manner as the federal Racketeer Influenced and Corrupt Organizations Act (RICO)." *Id.* at *2. The CPLG FL Defendants further argue that the statutory definitions of "venture" in the TVPRA and "enterprise" in the RICO Act are nearly identical. [DE 183] p. 2-3 (comparing 18 U.S.C. § 1591(e)(6) (defining "venture" as "any group

of two or more individuals associated in fact, whether or not a legal entity" (emphasis added)), with 18 U.S.C. § 1961(4) (defining "enterprise" as "any . . . group of individuals associated in fact although not a legal entity")).

In the context of a RICO claim persons "associated in fact" must operate as a "continuing unit that functions with a common purpose." *Boyle v. United States*, 556 U.S. 938, 948 (2009). As such the CPLG FL Defendants argue that Plaintiff must sufficiently allege that the Defendants and Plaintiff's trafficker operated as a continuing unit with a common purpose.

The Court notes that *Plaintiff A. v. Schair*, was brought under a previous version of the TVPRA. *Plaintiff A v. Schair*, No. 2:11-CV-00145-WCO, 2014 WL 12495639, at *3 (N.D. Ga. Sept. 9, 2014). The United States District Court for the Northern District of Georgia noted that Congress's amendments to the TVPA in 2008 all made it easier for victims of trafficking violations to bring civil suits. *Id.* Further, as discussed further below, the Court finds that the definitions provided in § 1591 of the TVPRA do not necessarily define the elements of a civil claim under the TVPRA of 2008 due to the of the distinct language in § 1595 as of 2008. As such the Court is not prepared to impose requirements to plead a RICO claim onto Plaintiff who is here pleading a claim for civil liability under the TVPRA.

"Participation in a venture" requires an overt act under the criminal provision of the TVPRA § 1591, *see U.S. v. Alfyare* 632 F.App'x 272, 286 (6th Cir. 2016) (applying §1591(a) of the TVPRA), and some district courts have applied this requirement to civil claims under § TVPRA. *S.Y. v. Naples Hotel Co.*, No. 220CV118FTM29MRM, 2020 WL 4504976, at *2 (M.D. Fla. Aug. 5, 2020) (collecting two cases).

Many courts, however, have rejected the argument that "participation in a venture" requires an over act, or a knowing state of mind, under § 1595. *S.Y. v. Naples Hotel Co.*, No.

220CV118FTM29MRM, 2020 WL 4504976, at *3 (M.D. Fla. Aug. 5, 2020) (citing J.C. v.

Choice Hotels Int'l, Inc., 2020 WL 3035794, *1 n.1 (N.D. Cal. June 5, 2020); S.J. v. Choice

Hotels Int'l, Inc., No. 19-cv-6071-BMC, 2020 WL 4059569, at *3-4 (E.D. N.Y. July 20, 2020);

*A.B. v. Marriott Int'l, Inc.*, No. CV 19-5770, 2020 WL 1939678, at *13 (E.D. Pa. Apr. 22, 2020);

Doe S.W. v. Lorain-Elyria Motel, Inc., 2020 WL 1244192, *6 (S.D. Ohio Mar. 16, 2020); H.H.

v. G6 Hosp., LLC, 2019 WL 6682152, *4 (S.D. Ohio Dec. 6, 2019); M.A. v. Wyndham Hotels

& Resorts, Inc., 425 F. Supp. 3d 959, 968-69 (S.D. Ohio 2019)). Judge Marbley in *M.A. v.*

*Wyndam Hotels and Resorts, Inc.*, reasoned that

> [A]pplying the definition of "participation in a venture" provided for in § 1591(e)
> to the requirements under § 1595 would void the "known or should have known"
> language of § 1595. Such a construction would violation the " 'cardinal principle
> of statutory construction' that 'a statute ought, upon the whole, to be construed so
> that, if it can be prevented, no clause, sentence, or word shall be superfluous, void,
> or insignificant.'"

*M.A. v. Wyndham Hotels & Resorts, Inc*., 425 F. Supp. 3d 959, 969 (S.D. Ohio 2019) (citing

*TRW Inc. v. Andrews*, 534 U.S. 19, 31 (2001) (quoting *Duncan v. Walker*, 533 U.S. 167, 174

(2001)). Further, Judge Marbley noted that the language of § 1591(e) limits the definitions

provided in that subsection to § 1591. *Id.* In *M.A.*, the court determined that in the absence of a

direct association, "Plaintiff must allege at least a showing of a continuous business relationship

between the trafficker and the hotels such that it would appear that the trafficker and the hotels

have established a pattern of conduct or could be said to have a tacit agreement." *M.A.,* 425 F.

Supp. 3d  at 970. In *S.Y. v. Naples Hotel Company¸* the District Court for the Middle District of

Florida held, "[i]n the absence of any controlling authority, the Court concludes that actual

"participation in the sex trafficking act itself" is not required to state a claim under section

1595." *S.Y. v. Naples Hotel Co*., No. 220CV118FTM29MRM, 2020 WL 4504976, at *3 (M.D.

Fla. Aug. 5, 2020).

The Court finds Plaintiff's arguments as well as the reasoning laid out by a number of district court persuasive. *See e.g. M.A.,* 425 F. Supp. 3d at 969–70; *A.B. v. Marriott Int'l, Inc.,* No. CV 19-5770, 2020 WL 1939678, at *16 (E.D. Pa. Apr. 22, 2020); *S.Y. v. Naples Hotel Co.,* No. 220CV118FTM29MRM, 2020 WL 4504976, at *3 (M.D. Fla. Aug. 5, 2020). In order to plead Defendants participated in a venture, Plaintiff must allege facts from which the Court could reasonably infer the hotels "could be said to have a tacit agreement" with the trafficker. Plaintiff need not show that defendants had actual knowledge of the participation in the sex-trafficking venture. *H.H. v. G6 Hosp., LLC,* No. 2:19-CV-755, 2019 WL 6682152, at *4 (S.D. Ohio Dec. 6, 2019).

Multiple defendants argue that the present case is distinguishable from many of the cases cited by Plaintiff, because here it is not alleged that Plaintiff's traffickers directly rented the rooms from the Defendant hotels. Rather, Plaintiff alleges facts from which the Court can plausibly infer that she rented the rooms at the direction of and with money provided by her traffickers. The Court finds it is sufficient for Plaintiff to plead that Defendants participated in a venture by renting rooms to individuals that knew or should have known were involved in a sex-trafficking venture, including the sex-trafficking victim. The Court notes, however, that whether or not a defendant hotel interacted with Plaintiff's trafficker directly may go to whether the Defendant hotel should have known Plaintiff was part of a sex-trafficking venture.

### ii. *Knowingly Benefit*

Defendants argue that Plaintiff has not sufficiently alleged that they knowingly benefited from the sex-trafficking venture. Defendant argue that "knowingly benefiting" requires knowledge of a causal relationship between the Defendant's conduct furthering the sex-

trafficking venture and receipt of a benefit. Defendants all argue that renting a room to Plaintiff
is insufficient to meeting this standard for knowingly benefiting.

Plaintiff relies on *H.H. v. G6 Hospitality, LLC* and *M.A.* wherein Judge Marbley in the
Southern District of Ohio held that "the rental of a room constitutes a financial benefit from a
relationship with the trafficker sufficient to meet this element of the §1595(a) standard." *See*
2:19-CV-755, 2019 WL 6682152, at *3 (S.D. Ohio Dec. 6, 2019); *M.A.,* 425 F. Supp. 3d at 965
(holding "that the rental of a room constitutes a financial benefit from a relationship with the
trafficker sufficient to meet this element of the § 1595(a) standard."); *See also A.B. v. Marriott
Int'l, Inc.*, No. CV 19-5770, 2020 WL 1939678, at *13 (E.D. Pa. Apr. 22, 2020) (holding that the
"knowingly benefit" standard was met by a plaintiff's allegations that the defendant hotel knew
or should have known of the alleged "red flags" or sex trafficking "but nevertheless continued to
rent rooms to [plaintiff]'s traffickers").

The CPLG FL Defendants rely on *Geiss v. Weinstein Co. Holdings LLC*, arguing that it
holds that § 1595 requires "'a causal relationship between affirmative conduct furthering the sex-
trafficking venture and receipt of a benefit,' with knowledge of that causal relationship." *See* [DE
171] p. 9 (citing *Geiss v. Weinstein Co. Holdings LLC*, 383 F. Supp. 3d 156, 170 (S.D.N.Y.
2019)). Defendants Sky Motel and Vacation Inn further argue that the courts relied on by
Plaintiff improperly removed the "knowing" element from the requirement that a defendant
"knowingly benefit financially" from the sex trafficking venture. [DE 182] p. 6. Defendants
argue this interpretation would impose a form of strict liability on hoteliers.

In *Geiss v. Weinstein Co. Holdings LLC*, the district court for the Southern District of
New York held that for a TVPRA claim "there must be a causal relationship between affirmative
conduct furthering the sex-trafficking venture and receipt of a benefit, with actual or, *in the civil*

*context, constructive knowledge* of that causal relationship." *See* 383 F. Supp. 3d 156, 170

(S.D.N.Y. 2019) (emphasis added). In *H.H.*, Judge Marbley of the Southern District of Ohio also

held that § 1595 does not require actual knowledge with regard to the sex-trafficking venture.

*H.H.,* 2019 WL 6682152, at *2. The district court in *H.H* held that "[t]he statutory language

requires that Defendant knowingly benefit financially, not that the perpetrator compensate

Defendant "on account of" the sex trafficking."

　　As to each Defendant, Plaintiff alleges that the Defendant hotels ignored multiple signs

that Plaintiff was a sex-trafficking victim and repeatedly rented rooms to Plaintiff, who was

renting the room under the direction of her trafficker with funds provided by her trafficker. The

Court agrees with multiple prior district courts addressing this exact issue and finds that for a

civil claim under the TVPRA actual knowledge of the sex trafficking venture is not required.

*H.H.,* 2019 WL 6682152, at *2; *Geiss* 383 F. Supp. 3d at 170. Alleging that Defendants

knowingly received rent for hotel room Defendants knew or should have known was being used

in a sex-trafficking venture is sufficient to meet the "knowingly benefit" standard for a claim

under § 1595 of the TVPRA.

### iii. Knowledge that the Venture Involved an Act Which Violated the TVPRA

　　Section 1595(a) requires factual allegations which permit the Court to plausibly infer that

Defendants should have known that the plaintiff was being forced or coerced to commit

commercial sex acts against the plaintiff's will. *See* 18 U.S.C. §§1591(a), 1595(a). The clear

language of the statute states that the mental state required is that the defendant "knew or should

have known" that the venture involved an act which violated the TVPRA. *See* 18 U.S.C. § 1595.

Plaintiff does not need to allege Defendant's acted with reckless disregard to state a claim under

§ 1595 only that the Defendants "should have known" about the nature of the venture under a

negligence standard. *M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 966 (S.D. Ohio 2019).

## IV.    DISCUSSION

### A. *Sky Motel Motion to Dismiss [DE 169]*

#### i.    *Negligence Claim*

Defendant Sky Motel argues that Plaintiff's Third Amended Complaint fails to identify any duty that Sky Motel owed or any breach of that duty. According to Defendant Plaintiff has not alleged facts sufficient to demonstrate that the actions of Plaintiff's traffickers were foreseeable. Finally, Defendant Sky Motel argues that any claim that Sky Motel is liable for the acts or exploitation done by one of its employees fails due to a lack of alleged facts.

In response, Plaintiff argues that the defendants owed a duty based on their control of the premises where the injurious conduct occurred. Plaintiff also clarifies that she is not alleging Defendant Sky Motel is liable for the acts of its manager, but rather, that the acts of its manager evidence that Sky Motel was aware of the sex trafficking occurring on its property.

The Court finds that Plaintiff has sufficiently stated a claim for negligence to survive the motion to dismiss stage. Plaintiff has alleged that she was a guest at Sky Motel, TAC ¶ 47, and Sky Motel owed Plaintiff a duty to protect Plaintiff as a hotel guest against the criminal conduct of third-parties, TAC ¶ 45. Plaintiff also alleges Sky Motel knew or should have known about the sex trafficking Plaintiff was subjected to on Sky Motel's premises because of numerous red flags[2] and because Sky Motel's manager solicited a sex act from Plaintiff while she was staying at Sky Motel. TAC ¶ 45. Taking all alleged facts as true and viewing them in the light most favorable to Plaintiff, the Court finds Plaintiff has stated sufficient facts to raise a plausible

---

[2] The Court has not decided whether the Hotel Code of Conduct will be admissible evidence in this case.

inference that the injurious conduct Plaintiff was subjected to was foreseeable to Sky Motel.

Further, "[t]he question of foreseeability in a negligence action is generally a question for the trier of fact." *Hardy*, 664 So. 2d at 1097. Finally, Plaintiff alleges a number of ways Sky Motel failed to take reasonable action to protect its invitees from injurious conduct perpetrated by third-parties on its premises. TAC ¶¶ 48.

      *ii.*    *TVPRA Claim*

Defendant Sky Motel argues that Plaintiff has failed to adequately allege Sky Motel "participated" in a "venture", knowingly benefited from the venture, or knew or should have known of an act in violation of the TVPRA as required to state a claim under the TVPRA.

Plaintiff alleges that Defendant Sky Motel rented a room to Plaintiff approximately thirty (30) times for approximately seven (7) to (10) days at a time. TAC ¶¶ 54, 58. Plaintiff rented a room one day at a time and always paid cash. TAC ¶ 58. Plaintiff's traffickers transported her to and from the motel, took her money, and controlled her every move. TAC ¶¶ 9-13. The Court finds that the Third Amended Complaint contains sufficient allegations to state a claim under § 1595 of the TVPRA. The Court finds it is sufficient for Plaintiff to plead that Defendants participated in a venture by renting rooms to individuals that it knew or should have known were involved in a sex-trafficking venture, including the sex-trafficking victim. As stated above, the Court finds Plaintiff's allegations that Defendants knowingly received rent for hotel room Defendants knew or should have known was being used in a sex-trafficking venture is sufficient to meet the "knowingly benefit" standard for a claim under § 1595 of the TVPRA.

As to whether Plaintiff has sufficiently alleged that Sky Motel know or should have known that Plaintiff was a minor or was being forced or coerced to commit commercial sex acts against her will in violation of the TVPRA, Defendant Sky Motel argues that Plaintiff's

allegations are distinguishable from similar cases in which the defendant saw signs of physical injuries on Plaintiff, *see e.g. A.B. v. Marriott Int'l, Inc.*, No. CV 19-5770, 2020 WL 1939678, at *17 (E.D. Pa. Apr. 22, 2020), or in which the defendant hotel operator and the trafficker engaged in conversation, *Ricchio v. Mclean*, 853 F.3d 553, 557 (1st Cir. 2017).

Plaintiff alleges Defendant Sky Motel should have known Plaintiff was being sexually exploited in violation TVPRA based on a number of signs of sex-trafficking including:

- "[O]ne of the owner/managers of Sky Motel came to Plaintiff while she was staying at Sky Motel and asked for oral sex. Clearly then, management knew what was happening to Ms. Doe, participated in it, and allowed it to continue."
- Ms. Doe stayed in the same room at Sky Motel almost every time she was there, a room that overlooked the street and parking lot (so that she could watch for Johns)."
- "She would check in to Sky Motel with a purse and perhaps a small duffel, but nothing else."
- "She would be exploited by anywhere between five and twenty men per day."
- "Her room was directly above the hotel office, so the foot traffic was hard to miss. The men would park, stay in the room for approximately twenty minutes, and then leave. Ms. Doe, on the other hand, would rarely leave the room for days at a time."
- "She would stay at the hotel for seven to ten days, leave Sky Motel, and then come back for another seven to ten day stretch."
- "Ms. Doe would turn away housekeeping during the entirety of her stay and ask for sheets to change the bedding herself; she took out her own trash."
- "Ms. Doe always paid cash and she would only pay for one night at a time, booking the next night's stay before check-out time."

TAC ¶ 58. Further, Plaintiff alleges Sky Motel was aware of the Hotel Code of Conduct and the steps it could have taken to identify and prevent the sex trafficking but did not take such steps. TAC ¶ 31. As courts have noted, there is a spectrum of cases which allege that the defendant should have known about the sex trafficking venture. *See e.g. M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 968 (S.D. Ohio 2019). The Court finds that, at this stage of the proceedings, Plaintiff's allegations are sufficient to raise a plausible inference that Sky Motel knew or should have known Plaintiff was the subject of sex-trafficking in violation of the TVPRA while renting a motel room.

## B. *Rickey Patel Motion to Dismiss [DE 170]*

### i. *Negligence*

Defendant Vacation Inn argues that Plaintiff's Third Amended Complaint fails to identify any duty that Vacation Inn owed or any breach of that duty. In response, Plaintiff argues that the defendants owed a duty based on their control of the premises where the injurious conduct occurred.

The Court finds that Plaintiff has sufficiently stated a claim for negligence to survive the motion to dismiss stage. Plaintiff has alleged that she was a guest at Vacation Inn, TAC ¶ 63, 65 and Vacation Inn owed Plaintiff a duty to protect Plaintiff as a hotel guest against the criminal conduct of a third-parties, TAC ¶ 63. Plaintiff also alleges Vacation Inn knew or should have known about the sex trafficking Plaintiff was subjected to on Vacation Inn's premises because of numerous red flags that Plaintiff was being trafficked on Vacation Inn's premises. TAC ¶ 65. Taking all alleged facts as true and viewing them in the light most favorable to Plaintiff, the Court finds Plaintiff has stated sufficient facts to raise a plausible inference that the injurious conduct Plaintiff was subjected to was foreseeable to Vacation Inn. Further, "[t]he question of foreseeability in a negligence action is generally a question for the trier of fact." *Hardy*, 664 So. 2d at 1097. Finally, Plaintiff alleges a number of ways Vacation Inn failed to take reasonable action to protect its invitees from injurious conduct perpetrated by third-parties on its premises. TAC ¶¶ 67.

### ii. *TVPRA Claim*

Defendant Vacation Inn argues that Plaintiff has failed to adequately allege Vacation Inn "participated" in a "venture," knowingly benefited from the venture, or knew or should have known of an act in violation of the TVPRA as required to state a claim under the TVPRA.

Plaintiff alleges that she was sexually exploited hundreds of times while at the Vacation Inn over the course of approximately twenty (20) days; Plaintiff would stay at the Vacation Inn for three (3) to four (4) days at a time. TAC ¶ 72–73. Plaintiff's traffickers transported her to and from the motel, took her money, and controlled her every move. TAC ¶¶ 9-13. The Court finds that the Third Amended Complaint contains sufficient allegations to state a claim under § 1595 of the TVPRA. The Court finds it is sufficient for Plaintiff to plead that Defendants participated in a venture by renting rooms to individuals that it knew or should have known were involved in a sex-trafficking venture, including the sex-trafficking victim. As stated above, the Court finds Plaintiff's allegations that Defendants knowingly received rent for hotel room Defendants knew or should have known was being used in a sex-trafficking venture is sufficient to meet the "knowingly benefit" standard for a claim under § 1595 of the TVPRA.

As to whether Vacation Inn knew or should have known about the sex-trafficking nature of the venture, Defendant Vacation Inn makes substantially similar arguments as Defendant Sky Motel. Plaintiff alleges Vacation Inn should have known about the sex trafficking based on a number of "red flags" including:

- "[T]he property was very small (approximately 20 rooms) and there were cameras all over the hotel and Plaintiff always stayed in a room one door away from the hotel office– so it was hard to miss a room that had lots of men going in and out of it."
- "Plaintiff was aware of the manager being present on the property making his rounds (upon information and belief, the management lived on-site), during the same time that Plaintiff was exploited by up to 20 different men per day."
- "The Vacation Inn is close to the Ft. Lauderdale airport and many Johns came directly from the airport from foreign countries such as China, Africa and Australia – there was no mistaking that the men coming in and out of the room were different."
- "Ms. Doe would turn away housekeeping during the entirety of her stay and ask for sheets to change the bedding herself; she took out her own trash."
- "Ms. Doe always paid cash and she would only pay for one night at a time, booking the next night's stay before check-out time."
- "She would check in to Sky Motel with a purse and perhaps a small duffel, but nothing else."

TAC ¶ 76. Further, Plaintiff alleges Vacation Inn was aware of the Hotel Code of Conduct and the steps it could have taken to identify and prevent the sex trafficking but did not take such steps. TAC ¶ 26. As courts have noted, there is a spectrum of cases which allege that the defendant should have known about the sex trafficking venture. *See e.g. M.A. v. Wyndham Hotels & Resorts, Inc.*, 425 F. Supp. 3d 959, 968 (S.D. Ohio 2019). The Court finds that, at this stage of the proceedings, Plaintiff's allegations are sufficient to raise a plausible inference that Vacation Inn knew or should have known Plaintiff was the subject of sex-trafficking in violation of the TVPRA while renting a hotel room.

### C. CPLG Motion to Dismiss [DE 171]

The CPLG FL Defendants argue that Plaintiff has failed to plead facts that could plausibly support an inference that the CPLG FL Defendants "participated" in a "venture" with Plaintiff's alleged trafficker, such a that the CPLG FL Defendants would be liable under the TVPRA. Further, the CPLG Defendants argue that they did not have knowledge of any causal relationship between its acts and the benefits they received from Plaintiff's trafficking nor did they know the venture they participated in involved forcing or coercing Plaintiff to commit commercial sex acts.

As to their participation in a venture, the CPLG FL Defendants argue that Plaintiff does not allege the CPLG FL Defendants "knew of, interacted with, or rented any rooms to Plaintiff's alleged trafficker, let alone that CPLG FL shared any common purpose, operated as a continuing unit, or otherwise "associated in fact" with Plaintiff's alleged trafficker." [DE 182] p. 2.

Plaintiff alleges that she was trafficked at La Quinta located at 7901 SW 6th St. Plantation, FL for a total of approximately thirty (30) nights and at La Quinta Tarmac for approximately twenty (20) to thirty (30) nights. TAC ¶¶ 82, 91. Plaintiff's traffickers transported

her to and from the hotel, took her money, and controlled her every move. TAC ¶¶ 9-13. The Court finds that the Third Amended Complaint contains sufficient allegations to state a claim under § 1595 of the TVPRA. As the Court explained above, the Court finds it is sufficient for Plaintiff to plead that Defendants participated in a venture by renting rooms to individuals that it knew or should have known were involved in a sex-trafficking venture, including the sex-trafficking victim. Further, the Court finds Plaintiff's allegations that Defendants knowingly received rent for hotel room Defendants knew or should have known was being used in a sex-trafficking venture is sufficient to meet the "knowingly benefit" standard for a claim under § 1595 of the TVPRA.

With regard to whether Plaintiff knew or should have known that Plaintiff was being trafficked while at the CPLG FL Defendant premises, Plaintiff alleges that the CPLG FL Defendants chose to ignore red flags that Plaintiff was being trafficked and that based on these red flags Defendants knew or should have known that Plaintiff was being sexually exploited in violation of the TVPRA. Further, Plaintiff alleges that CPLG FL Defendants affirmatively avoided confirming that Plaintiff was a human trafficking victim and being exploited on Defendants' properties. TAC ¶¶ 84, 86, 93, 95. Some of the red flags Plaintiff notes are:

As to La Quinta located at 7901 6th St. Plantation and La Quinta Tarmac Plaintiff alleges:

- "[A] girl in her late teens or early twenties (who looked her age or even younger) having Elite status and over 20,000 "rewards points" in the La Quinta rewards program. At 10 points per dollar spent, that would amount to having spent over $2,000 in room stays."
- "Plaintiff always paid for the room in cash or an Amscot debit card."
- "Plaintiff would stay for three to four days at a stretch, leave, and then come back."
- "Plaintiff checked in with a purse and perhaps a small bag, nothing else."
- "Plaintiff would only pay for one night at a time, renewing her stay before check-out the next day."
- "Johns would enter the room with no luggage, stay approximately 20 minutes, and then leave."
- "Plaintiff's trafficker was a very tall man (approximately 6' 4") and he was constantly present and hiding the drugs to which he had addicted Plaintiff all over the hotel. When

> Plaintiff would finish with a John, the trafficker would tell her where to find her next drug hit. The trafficker hid drugs over emergency exit signs, in stairwells, on top of doorways, etc."

- "The hotel had security cameras and no one said a word or questioned any of the strange behavior."
- "Plaintiff always turned away housekeeping and asked to change her own linens."
- "She would put her trash outside her door."

TAC ¶ 85, 94.

As to La Quinta located at 7901 SW 6th St., Plaintiff also alleges that "Plaintiff made friends with two of the male managers at the La Quinta SW 6th St. These managers knew what was happening and did nothing to stop it; they always rented a room to Plaintiff when she would return." TAC ¶ 85.

The Court finds that Plaintiff's allegations are sufficient to meet the element of the § 1595 that the CPLG FL Defendants knew or should have known that Plaintiff was being trafficked while on their premises.

### D. *MW Plantation Motion to Dismiss and Amended Motion to Dismiss [DE 172, 173]*

#### i. *Negligence*

Defendant Sawgrass Inn contends Plaintiff fails to state a claim against it. Sawgrass Inn argues that Plaintiff attempts to establish a duty based on hotel industry standards or a voluntary "Code of Conduct" which Defendant Sawgrass never signed. As such, the "Code of Conduct" could not serve as a basis for a duty Sawgrass owed to Plaintiff. Without an established duty, Plaintiffs negligence claim against Defendant Sawgrass should be denied, according to Sawgrass.

In response, Plaintiff contends that her negligence claim is not based on the Hotel Code of Conduct but, rather, the Hotel Code of Conduct[3] and Sawgrass Inn's failure to sign it is merely evidence of Sawgrass Inn's negligence.

The Court finds that Plaintiff has sufficiently stated a claim for negligence to survive the motion to dismiss stage. Plaintiff has alleged that she was a guest at Sawgrass Inn, TAC ¶ 99, 101 and Sawgrass Inn owed Plaintiff a duty to protect Plaintiff as a hotel guest against the criminal conduct of a third-parties, TAC ¶ 99. Plaintiff has alleged that Sawgrass was aware of trafficking on its premises. Specifically, Plaintiff alleges that she was caught in a trafficking sting at the Sawgrass Inn in 2015 and in 2017. TAC ¶ 101. Plaintiff also alleges Sawgrass Inn knew or should have known about the sex trafficking Plaintiff was subjected to on Sawgrass Inn's premises because of numerous red flags that Plaintiff was being trafficked on Sawgrass Inn's premises. TAC ¶ 101. Taking all alleged facts as true and viewing them in the light most favorable to Plaintiff, the Court finds Plaintiff has stated sufficient facts to raise a plausible inference that the injurious conduct Plaintiff was subjected to was foreseeable to Sawgrass Inn. Further, "[t]he question of foreseeability in a negligence action is generally a question for the trier of fact." *Hardy*, 664 So. 2d at 1097. Finally, Plaintiff alleges a number of ways Sawgrass Inn failed to take reasonable action to protect its invitees from injurious conduct perpetrated by third-parties on its premises. TAC ¶¶ 102.

   ii.   *TVPRA Claim*

As to the TVPRA claim stated against it, Defendant Sawgrass Inn claims Plaintiff has not sufficiently alleged that is participated in a set-trafficking venture nor that it had knowledge of

---

[3] Again, the Court has not decided at this time the admissibility of the Hotel Code of Conduct as evidence in this case.

the causal relationship between its conduct and the purported benefit it received from the venture.

Plaintiff alleges that she rented a room from Sawgrass Inn approximately thirty (30) to forty (40) times. TAC ¶ 107. Plaintiff alleges that Defendant Sawgrass Inn's "cooperation in the venture exceeded that inherent in the normal room renting transaction because Sawgrass Inn elected to ignore red flags that Plaintiff was being trafficked. Sawgrass Inn knew or should have known that Plaintiff was being sexually exploited in violation of the TVPRA. Plaintiff exhibited red flags upon which Sawgrass Inn's staff should have been trained to act." TAC ¶ 109. Defendant Sawgrass Inn argues that without interacting directly with the trafficker, Plaintiff could not have participated in a sex-trafficking venture. The Court finds it is sufficient for Plaintiff to plead that Defendants participated in a venture by renting rooms to individuals that it knew or should have known were involved in a sex-trafficking venture, including the sex-trafficking victim. As stated above, the Court finds Plaintiff's allegations that Defendants knowingly received rent for hotel room Defendants knew or should have known was being used in a sex-trafficking venture is sufficient to meet the "knowingly benefit" standard for a claim under § 1595 of the TVPRA.

Plaintiff alleges Sawgrass Inn ignored a number of signs of trafficking and continued renting the room despite these signs, including:

- "[T]he fact that the hotel was known by police as being a hot spot for human trafficking. In fact, Plaintiff was caught up in a human trafficking sting in 2015 at this very hotel and was part of a sting again on the same property in 2017. On information and belief, the stings in which Plaintiff was involved were not the only stings at the property."
- "Like the other hotels, Plaintiff would pay for the room in cash and only pay for one night at a time, renewing for the next night before check-out."
- "She would check in with a purse and perhaps a small duffel, but nothing else."
- "She would be trafficked at Sawgrass Inn for approximately five days at a time with double-digit sexual exploitations taking place each day."

- "The men would park, stay in the room for approximately twenty minutes, and then leave. Ms. Doe, on the other hand, would rarely leave the room for days at a time."
- "Ms. Doe would turn away housekeeping during her stay and ask for sheets to change the bedding herself and put her trash outside the door."

TAC ¶ 110, 112.

The Court notes that Defendant Sawgrass did not argue in its Motion to Dismiss that Plaintiff failed to satisfy the pleading requirement that Sawgrass Inn knew or should have known that sex-trafficking was taking place at the hotel. However, the Court finds that Plaintiffs allegations are also sufficient as to this element of a claim under § 1595 of the TVPRA. As such the Court finds Plaintiff has stated a claim against Defendant Sawgrass Inn sufficient to survive a motion to dismiss.

## V.   <u>CONCLUSION</u>

In light of the foregoing, viewing the Complaint in the light most favorable to Plaintiff, the Court finds that Plaintiff has alleged sufficient facts to raise claims that are plausible on their face.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendant Sky Motel Inc.'s Motion to Dismiss [DE 169] is **DENIED**.

2. Defendant Rickey Patel's Motion to Dismiss [DE 170] is **DENIED**.

3. Defendant CPLG FL Properties LLC's Motion to Dismiss [DE 171] is **DENIED**.

4. Defendant MW Plantation LP's Motion to Dismiss [DE 172, 173] is **DENIED**.

5. Defendants shall file answers to the Third Amended Complaint [DE 164] on or before

   **October 13, 2020.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 29th day of September, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
All Counsel of Record